**LAW OFFICE OF RESHMA KAMATH**
Reshma Kamath, Cal. Bar No. 333800,
700 El Camino Real, Suite 120, #1084,
Menlo Park, California 94025, United States
Ph.: 650 257 0719, E.: reshmakamath2021@gmail.com
Counsel for Plaintiffs RANDEEP SINGH DHILLON, an individual; PINDER SINGH, an individual; GURPREET SINGH, an individual; BALWINDER SINGH, an individual,

**IN AND FOR THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION**

| | |
|---|---|
| RANDEEP SINGH DHILLON, an individual; PINDER SINGH, an individual; GURPREET SINGH, an individual; BALWINDER SINGH, an individual,<br>Plaintiffs,<br>v.<br>WILLIAM EDWARDS, a California lawyer; FORREST MILLER, a California lawyer; and DOES 1-10, INCLUSIVE,<br>Defendants. | **Case No.: 1:23-at-00238**<br>**COMPLAINT FOR:**<br>**1. NEGLIGENCE;**<br>**2. CONVERSION;**<br>**3. MALPRACTICE;**<br>**4. FINANCIAL ELDER ABUSE;**<br>**5. RACIAL DISCRIMINATION;**<br>**6. DEFAMATION- LIBEL;**<br>**7. DEFAMATION – SLANDER *PER SE*;**<br>**8. DISABILITY DISCRIMINATION.**<br>**DEMAND FOR JURY TRIAL** |

***TO THE HONORABLE COURT, ALL PARTIES, AND ATTORNEYS OF RECORD, HEREIN:***

# FEDERAL COMPLAINT

## INTRODUCTION

COMES NOW, PLAINTIFFS RANDEEP SINGH DHILLON, an individual; PINDER SINGH, an individual; GURPREET SINGH, an individual; and, BALWINDER SINGH, an individual, ("PLAINTIFFS") and hereby submit this MALPRACTICE COMPLAINT, against DEFENDANTS WILLIAM EDWARDS, FORREST MILLER, AND DOES 1-10, inclusive, ("DEFENDANTS") and allege the below factual allegations:

## PARTIES

1. Plaintiff RANDEEP S. DHILLON, an individual, ("PLAINTIFF DHILLON") retained DEFENDANTS WILLIAM EDWARDS AND FORREST MILLER as California lawyers for each of the cases stated below.
2. Plaintiff PINDER SINGH, an individual, who is over eighty-years old, and is the client of retained DEFENDANTS WILLIAM EDWARDS AND FORREST MILLER as California lawyers. ("PLAINTIFF PINDER")
3. Plaintiff GURPREET SINGH, an individual, retained DEFENDANTS WILLIAM EDWARDS AND FORREST MILLER as California lawyers. ("PLAINTIFF GURPREET.")
4. Defendant WILLIAM EDWARDS is a lawyer licensed in California ("DEFENDANT EDWARDS") and is an individual person. He practices under a fictitious name, WILLIAM EDWARDS LAW. He has some assistants and

lawyers, who often have hostile and uncivil conversations with opposing counsel, and incoming counsel over the phone. He has delayed providing case files, as well as responding to discovery.

5. Defendant FORREST MILLER is a lawyer licensed in California ("DEFENDANT MILLER") and is an individual person. He practices under a fictitious name, LAW OFFICE OF FORREST R. MILLER. He has a helper called YANCY MILLER. Often YANCY MILLER makes substantive dialogue with opposing counsel. It is often confusing to several opposing counsel whether YANCY MILLER is the lawyer, and a different name of FORREST MILLER, because YANCY MILLER holds out to the opposing counsel as if her were the attorney.

6. PLAINTIFFS remain ignorant of the true names and capacities of DEFENDANTS, sued herein as DOES 1-10, inclusive, and therefore, sues these Defendants by such fictitious names. PLAINTIFF presently remains unaware of the true names or capacities of defendants named herein as DOES 1-10, inclusive, PLAINTIFFS remain ignorant of the true names and capacities of DEFENDANTS, sued herein as DOES 1-10, inclusive, and therefore, sues these Defendants by such fictitious names.

7. PLAINTIFFS presently remain unaware of the true name or capacities of defendants named herein as DOES 1-10, inclusive, and PLAINTIFFS will seek

leave of Court to allege their true names and capacities after the same have been ascertained.

8. PLAINTIFFS remain informed and believe, and on that basis alleges, that each of the defendants sued under fictitious names is in some manner responsible for the wrongs and damages alleged below, in so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and in taking the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, partner, and employee, with the permission and consent of defendants. The named defendants and are sometimes hereafter referred to, collectively and/or individually, as "defendants."

9. PLAINTIFFS remain informed and believe and thereon allege that each of the DEFENDANTS herein and are in some manner legally responsible for the acts and omissions alleged herein and actually and legally caused and contributed to various injuries and damages alleged herein.

10. PLAINTIFFS remain informed and believe, and thereon allege that at all times herein mentioned, each of the DEFENDANTS was the agent, servant, partner, joint venturer, and/or employee of each of the other DEFENDANTS, and in doing the things hereinafter alleged, were acting within the course and scope of said agency and/or employment, and with the permission.

11. All DEFENDANTS were responsible for the events and damages alleged herein, including on the following bases: (a) DEFENDANTS committed the

acts alleged; (b) at all relevant times, cone or more of the DEFENDANTS was the agent or employee, and/or acted under the control or supervision, of one or more of the remaining defendants and, in committing the acts alleged, acted within the course and scope of such agency and employment and/or is or are otherwise liable for PLAINTIFFS' damages; (c) at all relevant times, there existed a unity of ownership and interest between or among two or more of the defendants.

## JURISDICTION AND VENUE

12. This Court has original subject matter jurisdiction over the federal claims under 28 U.S.C. §§ 1331 and 1346(b)(1), because they arise under federal law and have the fourteenth amendment of the United States Constitution implicated.

13. This Court is the proper venue pursuant to 28 U.S.C. § 1402(b) and 446 Civil Rights, as Plaintiffs reside within this judicial district.

14. As a direct and proximate result of the unlawful acts of Defendants, Plaintiffs have suffered and continue to suffer damages in amounts to be proved at trial, but no less than three and a half million dollars.

## FACTUAL BACKGROUND

15. PLAINTIFFS had retained DEFENDANTS for the case, Gurpreet Singh, et al. v. Minero, et al., Kern, case no. BCV-17-101599, then on appeal, case no. B322624. Neither Defendant communicated regarding the case, any orders, and

judgments. They failed to depose key witnesses, and file the required documents with the court.

16. PLAINTIFFS had retained Defendant William Edwards for the case, Planz Pinder v. Jack Wright, et al., Kern, case no. BCV-19-100492, appeal case no. F084404. Neither Defendant communicated regarding the case, any orders, and judgments. They failed to depose key witnesses, and file the required documents with the court. Defendant William Edwards, unbeknownst to Plaintiff Dhillon and Plaintiff Pinder filed a substitution of attorney form on the day of trial – during the trial. Neither Plaintiff knew that trial had commenced, because Defendant Edwards had not informed Plaintiffs.

17. PLAINTIFFS had retained DEFENDANTS for the case, Dhillon v. State Bank of India, Kern, case no. BCV-19-101602, appeal no. F083456. Neither Defendant communicated regarding the case, any orders, and judgments. They failed to depose key witnesses, and file the required documents with the court. Defendants failed to inform of the debtor exam that the opposing party had filed in the state court. Defendants failed to sign the substitution of attorney form when incoming counsel had made efforts to substitute into the matter(s.)

18. PLAINTIFFS had retained DEFENDANTS for the case, Wright v. Dhillon-KCSC Case No. BCV-21-100320 with Judge Bernard C. Barmann, Jr.. Neither Defendant had communicated regarding the case, any orders, and judgments.

They failed to depose key witnesses, and file the required documents with the court.

19. For the case in the preceding paragraph, Defendant Forrest Miller unbeknownst to Plaintiff Dhillon and Plaintiff Pinder was trying to substitute out of the case on behalf of Mr. Henry Davis. Defendant Forrest Miller had personal motives not to represent Mr. Henry Davis, an African-American man in his fifties and a veteran. Defendant Forrest Miller had made inappropriate comments to Mr. Henry Davis during the commencement of trial. Defendant Forrest Miller made false statements to the court misleading the court in causing a contempt order and sanctions to undersigned counsel. Defendant Forrest Miller's conduct, and omission, as well as that of his law office, were motivated by racial prejudice. Defendant Forrest Miller was allegedly yelling and fighting with Mr. Henry Davis on the date of trial, because Defendant Forrest Miller did not want to represent him. Instead of filing the paperwork to substitute, and/or be relieved as counsel prior to the trial commencement, Defendant Forrest Miller waited until the Final Status Conference – purportedly fighting with Mr. Henry Davis on the days of trial – only to create the cause to substitute out of the matter.

20. For the case in the preceding paragraph, during the representation, Defendant Forrest Miller's office, Yancy Miller called Plaintiff Dhillon, "delusional" and often addressed Mr. Henry Davis as "henry." This is recorded in e-mail format.

Plaintiffs wonder what kind of terminology may have been used for Plaintiff Pinder – who is over eighty-years old and has a severe heart ailment.

21. For the case in the preceding paragraph, during the representation, Defendant Forrest Miller caused delaying the trial of the case for his own personal agenda and motives. Defendant Forrest Miller wasted the resources of Plaintiffs, and all parties, in causing a delay of three days based on his personal substitution out of the case on the day the trial had commenced. This was motivated by racial prejudice and hatred. This was motivated based on a different case where Defendant Forrest Miller was litigating for Uber and Lyft. Defendant Forrest Miller had informed the undersigned counsel in e-mail that the worth of that case was in the millions, where this case in the preceding paragraph was not worth it for Henry Davis. Defendant Forrest Miller had told Mr. Henry Davis to contact undersigned counsel, because Defendant Forrest Miller no longer wanted to represent Henry Davis. This was days prior to trial. Defendant Forrest Miller was unprepared for the trial, had no exhibits on behalf of Mr. Henry Davis, no witness and exhibit lists were provided. For this, Plaintiff Dhillon had retained Defendant Forrest Miller for the latter to represent Mr. Henry Davis.

22. For the case in the preceding paragraph, Defendant William Edwards failed to answer the interrogatories propounded on him from opposing parties for plaintiffs; failed to inform incoming counsel that Defendant William Edwards

that such discovery was overdue; failed to provide the case files on this, and all matters timely – even after reiterated efforts were made from undersigned counsel to William Edwards and to his law office electronically and telephonically.

23. PLAINTIFFS had retained DEFENDANTS for the case, Milam vs. Surestay, Inc., case number, BCV-19-101687. Each Defendant failed to properly maintain any accounting, and had provided shoddy accounting to Plaintiff Dhillon. Defendant William Edwards with his paralegal Ameenah Shaheed had charged over $120,000 from Plaintiff Dhillon for this matter. Paralegal Shaheed has not responded to e-mails from undersigned counsel regarding the billing and invoicing in the case to produce to insurance companies for reimbursement. Defendant Forrest Miller had produced one invoice of $2,900 with one-line in the invoice – after repeated efforts from undersigned counsel to obtain proper accounting of the retainer sum paid from Plaintiff Dhillon to Defendant. Defendant Forrest Miller had caused the insurance attorneys to speak directly to the attorney for Milam – when Plaintiff Dhillon had not authorized any settlement for such a high number. Defendant Forrest Miller failed to file the appropriate pleadings with the court, and failed to inform the client, Plaintiff Dhillon, of the settlement. Undersigned counsel then had settled for a much lower amount with Plaintiff.

24. PLAINTIFF DHILLON had retained Defendant William Edwards for several other cases, including export-import transactional business agreements from United States to India, and globally. The retainer for such matters had crossed over $700,000, and there is no proper accounting for each.

25. PLAINTIFFS had retained Defendant Forrest Miller for the case related to BALWINDER SINGH, and ROTIDHABA CORP, INC., prior to the matter getting initiated in the court. This was to close escrow in making a payment. Defendant Forrest Miller's staff Yancy Miller pretended to be the attorney – when he is unlicensed, and failed to cause the close of escrow timely. This caused the matter to getting initiated to a case that undersigned counsel is properly defending and prosecuting.

**FIRST CAUSE OF ACTION**

**NEGLIGENCE**

**(Against all Defendants)**

26. Plaintiffs incorporate by reference and restate the allegations contained in the preceding paragraphs as though set forth in full herein.

27. Each Defendant, as retained lawyer, owed a fiduciary duty of reasonable care toward Plaintiffs.

28. The Defendants failed to respond to Plaintiffs' request for reasonable inquiries. The Defendants delayed responding to discovery for months. The Defendants failed to inform incoming counsel of the failure of the Defendants to respond

to discovery on behalf of Plaintiffs. The Defendants failed to depose key witnesses. The Defendants failed to post jury fees when Plaintiffs had communicated they wanted a jury trial. The Defendants failed to disclose expert witnesses. The Defendants misled the court. The Defendants falsified the facts to the court. The Defendants did not inform the Plaintiffs of the on-going events in the cases where the Defendants were retained. The Defendants failed to inform of any rulings, orders, and judgments. The Defendants failed to act in accordance with the retainer agreement.

29. Each Defendant, as retained lawyer, had breached this fiduciary duty causing actual and proximate harm to Plaintiffs in excess of three and a half million dollars.

30. The dangers posed by the tactics and methods used by each Defendant, as retained lawyer, and the risk of harm they posed to the Plaintiffs was reasonably foreseeable.

31. As a result of the unlawful acts of each Defendant, as retained lawyer, Plaintiffs were damaged in amounts to be determined at trial, but no less than three and a half million dollars, as well as damages stated in the prayer for relief stated below.

32. As the actual and proximate result of Defendants' aforementioned acts and omissions, Plaintiffs were damaged in amounts to be determined at trial, but no

less than three and a half million dollars, as well as damages stated in the prayer for relief stated below.

**SECOND CAUSE OF ACTION**

**CONVERSION**

**(Against all Defendants)**

33. Plaintiffs incorporate by reference and restate the allegations contained in the preceding paragraphs as though set forth in full herein.

34. Conversion can be based on the taking, alteration, or destruction of personal property. (*Staley v. McClurken* (1939) 35 Cal.App.2d 622, 628-629; 5 Witkin, *Summary of Cal. Law* (11th ed. 2017) Torts, §§ 810, 823.)

35. Plaintiff Dhillon, at all times relevant hereto, had provided retainers in the sums of over $25,000 each time collectively over a million dollars to Defendants as retainer. Defendants failed to properly and ethically represent Plaintiffs.

36. Defendants wrongfully retained and converted Plaintiffs' monies and property when Defendants and their agents recklessly and carelessly engaged in tactics and methods, in not communicating with Plaintiffs, where Defendants acted in excess of what was necessary to accomplish the stated objectives, resulting in extensive damage to the Plaintiffs.

37. As the actual and proximate result of Defendants' aforementioned acts and omissions, Plaintiffs were damaged in amounts to be determined at trial, but no

less than three and a half million dollars, as well as damages stated in the prayer for relief stated below.

38. Defendants' conduct was oppressive, willful and/or wanton, so as to justify an award of punitive damages, as well as damages stated in the prayer for relief stated below.

**<u>THIRD CAUSE OF ACTION</u>**

**MALPRACTICE**

**(Against all Defendants)**

39. Plaintiffs incorporate by reference and restate the allegations contained in the preceding paragraphs as though set forth in full herein.

40. Plaintiffs can prove that: a) the defendant-attorney failed to exercise the care, skill, and diligence commonly possessed and exercised by a member of the legal profession; b) the defendant-attorney's negligence was a proximate cause of the loss sustained by the plaintiff-client; c) the plaintiff-client incurred actual damages as a result of the defendant-attorney's actions or inaction; and d) "but for" the defendant-attorney's negligence, the plaintiff-client would have prevailed in the underlying action or would not have sustained any damages.

41. Each Defendant, as retained lawyer, owed a fiduciary duty of reasonable care toward Plaintiffs. The Defendants failed to respond to Plaintiffs' request for reasonable inquiries. The Defendants delayed responding to discovery for

months. The Defendants failed to inform incoming counsel of the failure of the Defendants to respond to discovery on behalf of Plaintiffs. The Defendants failed to depose key witnesses. The Defendants failed to post jury fees when Plaintiffs had communicated they wanted a jury trial. The Defendants failed to disclose expert witnesses. The Defendants misled the court. The Defendants falsified the facts to the court. The Defendants did not inform the Plaintiffs of the on-going events in the cases where the Defendants were retained. The Defendants failed to inform of any rulings, orders, and judgments. The Defendants failed to act in accordance with the retainer agreement.

42. *Res ipsa loquitor*, but for the negligence of the Defendants, Plaintiffs would have successfully prosecuted the action, obtained a jury trial, not allowed several of the matters to go to appeal without any kind of proper trial, and not caused sanctions to the incoming counsel based on the repeated dilatory, lethargic, evasive, unethical, and unprofessional conduct of the Defendants. Defendant Forrest Miller further made falsified and misleading statements to the court in the Wright v. Dhillon matter that Defendant Forrest Miller was not the attorney for Mr. Henry Davis, and that undersigned counsel was the attorney. This caused the judicial officer to believe the perjured declaration of Defendant Forrest.

43. As the actual and proximate result of Defendants' aforementioned acts and omissions, Plaintiffs were damaged in amounts to be determined at trial, but no

less than three and a half million dollars, as well as damages stated in the prayer for relief stated below.

44. Defendants' conduct was oppressive, willful and/or wanton, so as to justify an award of punitive damages, as well as damages stated in the prayer for relief stated below.

**<u>FOURTH CAUSE OF ACTION</u>**

**FINANCIAL ELDER ABUSE**

**(Against all Defendants)**

45. Plaintiffs incorporate by reference and restate the allegations contained in the preceding paragraphs as though set forth in full herein.

46. For the *prima facie* case of financial elder abuse, Plaintiff Pinder is over eighty-years old, and is a qualifying 'elder' under the Welfare & Institutions Code. Plaintiff Pinder is illiterate in English.

47. Defendant Edwards wrongfully appropriated Plaintiff Pinder's monies for the retention to defend, and prosecute for Plaintiff.

48. Defendant Edwards knew and should have known for the wrongful nature of its conduct.

49. Plaintiff Pinder did not consent to the Defendant Edwards' conduct, and omissions.

50. Defendant Edwards has no privilege and immunity under any state and federal law.

51. As the actual and proximate result of Defendants' aforementioned acts and omissions, Plaintiffs were damaged in amounts to be determined at trial, but no less than three and a half million dollars, as well as damages stated in the prayer for relief stated below.

**FIFTH CAUSE OF ACTION**

**RACIAL DISCRIMINATION –**

**VIOLATION OF THE UNITED STATES CONSTITUTION**

**FOURTEENTH AMENDMENT**

**(Against all Defendants)**

52. Plaintiffs incorporate by reference and restate the allegations contained in the preceding paragraphs as though set forth in full herein.

53. The 14th Amendment banned states from limiting citizens' rights, depriving them of due process of law, or denying "any person . . . the equal protection of the laws."

54. Each Defendant was motivated by racial prejudice and discrimination against Plaintiffs, who're Indians, Indian-American, and hail from the Punjabi culture.

55. Defendants Forrest and his office staff have called Plaintiff Dhillon, "delusional."

56. Defendants Forrest stated inappropriate statements to Mr. Henry Davis, who is African-American, and in this matter, Plaintiff Dhillon had retained

Defendant Forrest to represent Mr. Henry Davis.

57. This is a violation of the Fourteenth Amendment of the United States Constitution.

58. Defendants William was only pushing papers with the court -without effectively prosecuting the case, without notifying Pinder Singh and Randeep Dhillon, without producing the witnesses and exhibits that each of them had stated to Defendant Williams to produce, without investigating the facts of the case, and without responding to the discovery interrogatories. Defendants William and his staff had made uncivil comments not only to undersigned counsel, but also to external counsel such as Debra Clayman.

59. As the actual and proximate result of Defendants' aforementioned acts and omissions, Plaintiffs were damaged in amounts to be determined at trial, but no less than three and a half million dollars, as well as damages stated in the prayer for relief stated below.

## SIXTH CAUSE OF ACTION

## DEFAMATION -LIBEL

**(Against Defendant William Edwards)**

60. Plaintiffs incorporate by reference and restate the allegations contained in the preceding paragraphs as though set forth in full herein.

61. Defamation is an invasion of the interest in reputation. It may be libel or slander. (California Civil section 44.) The tort involves (a) a publication that

is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage. Civ. Code §§ 45, 46; see Smith v. Maldonado (1999) 72 Cal.App.4th 637, 645; Seelig v. Infinity Broadcasting Corp. (2002) 97 Cal.App.4th 798, 80.

62. Libel includes the more permanent forms of defamatory matter; in California, it consists of a "writing, printing, picture, effigy, or other fixed representation to the eye." (Civ. Code § 45.)

63. Defendant Forrest Miller has made falsified statements in his written declaration regarding his representation of Mr. Henry Davis for which Plaintiff Dhillon had retained him for. There was thus a publication, and no litigation privilege could be applied. This has caused special damage to Plaintiff Dhillon, undersigned counsel, as well as Mr. Henry Davis.

64. As the actual and proximate result of Defendants' aforementioned acts and omissions, Plaintiffs were damaged in amounts to be determined at trial, but no less than three and a half million dollars, as well as damages stated in the prayer for relief stated below.

**SEVENTH CAUSE OF ACTION**

**DEFAMATION -SLANDER *PER SE***

**(Against Defendant William Edwards)**

65. Plaintiffs incorporate by reference and restate the allegations contained in the preceding paragraphs as though set forth in full herein.

66. Defamation is an invasion of the interest in reputation. It may be libel or slander. (California Civil section 44.) The tort involves (a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage. Civ. Code §§ 45, 46; see Smith v. Maldonado (1999) 72 Cal.App.4th 637, 645; Seelig v. Infinity Broadcasting Corp. (2002) 97 Cal.App.4th 798, 80.

67. Slander is the more transitory form, generally restricted to oral statements and gestures. (See Civ. Code § 46.)

68. Defendant Forrest Miller has made falsified statements in his written declaration regarding his representation of Mr. Henry Davis for which Plaintiff Dhillon had retained him for. There was thus a publication, and no litigation privilege could be applied. This has caused special damage to Plaintiff Dhillon, undersigned counsel, as well as Mr. Henry Davis.

69. Defendant Forrest Miller, and his office staff have caused Plaintiff Dhillon, “delusional” when there is no medical diagnosis of such.

70. As the actual and proximate result of Defendants’ aforementioned acts and omissions, Plaintiffs were damaged in amounts to be determined at trial, but no less than three and a half million dollars, as well as damages stated in the prayer for relief stated below.

///

///

**EIGHTH CAUSE OF ACTION**

**DISABILITY DISCRIMINATION –**

**VIOLATION OF THE UNITED STATES CONSTITUTION**

**FOURTEENTH AMENDMENT**

**(Against all Defendants)**

71. Plaintiffs incorporate by reference and restate the allegations contained in the preceding paragraphs as though set forth in full herein.

72. The 14th Amendment banned states from limiting citizens' rights, depriving them of due process of law, or denying "any person . . . the equal protection of the laws."

73. Defendants caused discrimination against eighty-year-old Defendant Pinder for his disability and on-going severe heart condition.

74. Defendants Forrest and his office staff have called Plaintiff Dhillon, "delusional."

75. Defendants Forrest stated inappropriate statements to Mr. Henry Davis, who is African-American, and in this matter, Plaintiff Dhillon had retained Defendant Forrest to represent Mr. Henry Davis.

76. This is a violation of the Fourteenth Amendment of the United States Constitution.

77. As the actual and proximate result of Defendants' aforementioned acts and omissions, Plaintiffs were damaged in amounts to be determined at trial, but no

less than three and a half million dollars, as well as damages stated in the prayer for relief stated below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully seek judgment against all Defendants as follows:

1. That Plaintiffs be awarded $3.5 million according to proof at the time of trial.
2. That Plaintiffs be awarded general, compensatory, incidental, and expectancy damages according to proof at the time of trial.
3. That Plaintiffs be awarded actual and special damages according to proof at the time of trial.
4. That Plaintiffs be awarded punitive damages according to proof at the time of trial.
5. That Plaintiffs be awarded pre-and post-judgment interest accrued to date.
6. That Plaintiffs be awarded costs of suit incurred herein.
7. That Plaintiffs be awarded their reasonable attorneys' fees incurred in this action.
8. That Plaintiffs be awarded such other and further relief that the Court may deem just and proper.

///

///

///

## DEMAND FOR JURY TRIAL

Plaintiffs request a jury trial for all issues so triable that are raised herein or that hereinafter may be raised in this action.

///

*Respectfully submitted,*

**DATED: March 20, 2023,**

/S/ Reshma Kamath

**LAW OFFICE OF RESHMA KAMATH**
Reshma Kamath,
Counsel for RANDEEP SINGH DHILLON, an individual; PINDER SINGH, an individual; GURPREET SINGH, an individual; BALWINDER SINGH, an individual