**LAW OFFICE OF RESHMA KAMATH**
Reshma Kamath, Cal. Bar No. 333800,
700 El Camino Real, Suite 120, #1084,
Menlo Park, California 94025, United States
Ph.: 650 257 0719, E.: reshmakamath2021@gmail.com
Counsel for Plaintiffs RANDEEP SINGH DHILLON, an individual; PINDER SINGH, an individual; GURPREET SINGH, an individual; BALWINDER SINGH, an individual

**IN AND FOR THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION**

RANDEEP SINGH DHILLON, an individual; PINDER SINGH, an individual; GURPREET SINGH, an individual; BALWINDER SINGH, an individual,

Plaintiffs,

v.

WILLIAM EDWARDS, a California lawyer; FORREST MILLER, a California lawyer; and DOES 1-10, INCLUSIVE,

Defendants.

Case No.: **1:23-cv-00416-ADA-CDB**

**OPPOSITION**

**DEMAND FOR JURY TRIAL**

***TO THE HONORABLE COURT, ALL PARTIES, AND ATTORNEYS OF RECORD, HEREIN:***

## <u>OPPOSITION</u>

### 1. PLAINTIFFS CAN SUBMIT THE AMENDED CIVIL COVER SHEET TO REFLECT THAT THE FEDERAL JURISDICTION STEMS FROM CLAIMS FOR RELIEF BEYOND JUST THE FOURTEENTH AMENDMENT, AND 42 U.S.C. § 1983.

Under VI of the Civil Cover Sheet, where it states, "Cite the Civil Statute under which you are filing," Plaintiffs state three grounds, i.e., "FOURTEENTH AMENDMENT, DISABILITY DISCRIMINATION, RACIAL DISCRIMINATION."

The Fourteenth Amendment of the United States Constitution is only one of the bases for federal jurisdiction. Disability discrimination and racial discrimination exist as the bases for federal jurisdiction as well.

Thus, the private right to sue the named defendants validly exists.

### A. "DISABILITY DISCRIMINATION" HAS THE FEDERAL AMERICANS WITH DISABILITIES ACT (ADA) *ET SEQ*. STATUTES EMBEDDED WITHIN THAT CLAIM FOR RELIEF.

Disability discrimination not only stems from the Fourteenth Amendment, but that claim for relief also arises from the Americans with Disabilities Act (ADA), *et seq*. (pursuant to 42 U.S.C. § 12101 *et seq*.). Disability rights are civil rights as well.

Cal. Civ. Code § 51(f), which provides "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section." Thus, state action, and color of state law, exist. The law does not need to be added to the original complaint.

A complaint only tests the sufficiency of the well-pleaded facts. Ultimate facts, as well as legal conclusions, are not required. (*Fed. Civ. Proc.* (FRCP) Rules 8; 12.)

Thus, Plaintiffs do not need to specify what law and statutes under disability discrimination it imputes federally -whether ADA statutes; and/or other state/federal acts. So long as the necessary facts are alleged, the applicable code sections need not be identified in the pleadings to provide the necessary notice. (People v. Mancebo (2002) 27 Cal.4th 735, 753 (Mancebo); People v. Deas (1972) 27 Cal.App.3d 860, 863 ["We know of no law that requires a criminal pleading to cite the code section applicable to facts properly pleaded"]; See also, “She need not allege violation of a specific statute, standard or regulation to avoid dismissal at the pleading stage.” Dabbs v. Cardiopulmonary Management Services (1987) 188 Cal.App.3d 1437, 1446.)

The Complaint survives on jurisdictional grounds for valid state action as a basis for the federal cause of action.

///

///

**2. STATE ACTION CO-EXISTS WITH THE FEDERAL CLAIMS FOR RELIEF.**

Judicial action constitutes state action for 14th Amendment purposes (Shelley v. Kraemer (1948) 334 U.S. 1, 14 [92 L.Ed. 1161, 1181, 68 S.Ct. 836, 842, 3 A.L.R.3d 441]; see also 13 Cal.Jur.3d, Constitutional Law, § 306, p. 564.)

In terms of the state action, e.g., Forrest Miller's communication *re* defamation (and malpractice) were during trials; they do not fall under litigation privilege either, and, under penalty of perjury, because they were during *quasi*-criminal contempt citations. Civil contempt proceedings are *quasi*-criminal because of the penalties which may be imposed. (See Farace v. Superior Court (1983) 148 Cal.App.3d 915, 917-918 [ 196 Cal.Rptr. 297].) Because of the potential punishment, this type of proceeding is considered *quasi*-criminal, and the defendant possesses some of the rights of a criminal defendant. Thus, valid state action - in the form of the state court proceedings where Forrest Miller was a participant in state action - validly exists. (Ross v. Superior Court (1977) 19 Cal.3d 899, 913 [ 141 Cal.Rptr. 133, 569 P.2d 727]; Raiden v. Superior Court (1949) 34 Cal.2d 83, 86 [ 206 P.2d 1081]; In re Witherspoon (1984) 162 Cal.App.3d 1000 [ 209 Cal.Rptr. 67]; see also Mitchell v. Superior Court (1989) 49 Cal.3d 1230, 1240-1244 [ 265 Cal.Rptr. 144, 783 P.2d 731] (plur. opn of Eagleson, J.); 3 Witkin, Cal. Procedure, supra, Actions, § 17, pp. 48-50.) The contemner possesses no right of appeal, however, and review of the contempt judgment is by extraordinary writ. (Code Civ. Proc., § 1222; Bermudez v.

Municipal Court (1992) 1 Cal.4th 855, 861 fn. 5 [ 4 Cal.Rptr.2d 609, 823 P.2d 1210]; Brunton v. Superior Court (1942) 20 Cal.2d 202, 204 [ 124 P.2d 831]; 8 Witkin, Cal. Procedure, supra, Enforcement of Judgment, § 354, p. 306, and cases cited.)

Due process and equal protection guarantees of our state Constitution (art. I, § 7, subd. (a)) protect against state action. The Fourth Amendment applies to state and local law enforcement officials through the due process clause of the 14th Amendment. (People v. Banks (1993) 6 Cal.4th 926, 934.)

Plaintiffs remain protected under these guarantees of the state Constitution as well.

**A. STATE ACTION IS SPECIFIED ON THE FACE OF THE ORIGINAL COMPLAINT.**

Action under color of state law within the meaning of section 1983 may differ from state action within the meaning of the Fourteenth Amendment. (Collins v. Womancare (9th Cir. 1989) 878 F.2d 1145, 1150, cert. den. (1990) ___ U.S. ___ [107 L.Ed.2d 949, 110 S.Ct. 865;] see Lugar v. Edmondson Oil Co. (1982) 457 U.S. 922, 935 [73 L.Ed.2d 482, 494-495, 102 S.Ct. 2744].) However, inasmuch as the plaintiffs were required to establish state action in order to show a Fourteenth Amendment violation, the court must apply principles applicable to both state action and action under the color of state law. (Collins, supra, at p. 1148.)

Hence, the principles applied in that case are equally applicable here.

Color of state law under 1983 is specifically pled sufficiently and adequately in the original Complaint to implicate Defendants William Edwards, and Forrest Miller. If an attorney admitted to practice in the courts of this state commits acts in reference to federal court litigation which reflect on his integrity and fitness to enjoy the rights and privileges of an attorney in the state courts, proceedings may be taken against him in the state court. ( People v. Green, 9 Colo. 506 [13 P. 514, 524]; State v. Grover, 47 Wn. 39 [91 P. 564]; In re Lamb, 105 App. Div. 462 [94 N.Y. Supp. 331]; Re Sherwood, 259 Pa. 254 [103 A. 42, L.R.A. 1918D, 447]; Selling v. Radford, 243 U.S. 46 [37 Sup. Ct. 377, 61 L.Ed. 585, Ann. Cas. 1917D, 569]; 5 Am. Jur. 433; 7 C.J.S., sec. 18a, p. 730.)

Similar to how prosecutorial action is often state action, here, Defendants Forrest Miller, and William Edwards' conduct were sufficiently intermingled with state court, state officers, as well as public defenders to demonstrate state action.

Thus, the original Complaint had valid jurisdiction under the color of state law grounds as well.

## 3. THIS COURT HAS VALID FEDERAL SUBJECT-MATTER JURISDICTION OVER THE CLAIMS FOR RELIEF SET IN THE ORIGINAL COMPLAINT FILED.

Plaintiffs are not alleging pure private action under the Fourteenth Amendment of the United States Constitution.

The Fourteenth Amendment provides that " No state shall . . . deprive any person of life, liberty, or property, without due process of law." (Italics added.) (3) As stated in Shelley v. Kramer (1948) 334 U.S. 1, 13 [92 L.Ed. 1161, 1180, 68 S.Ct. 836, 3 A.L.R.2d 441], the only action inhibited by the due process clause is "such action as may fairly be said to be that of the States. [The Fourteenth] Amendment erects no shield against merely private conduct, however discriminatory or wrongful." Thus plaintiffs can show a level of significant state involvement in the act of the courts with Forrest Miller sufficient to characterize the setoff as "state action." (Moose Lodge No. 107 v. Irvis (1972) 407 U.S. 163, 173 [32 L.Ed.2d 627, 637-638, 92 S.Ct. 1965]; Reitman v. Mulkey (1967) 387 U.S. 369, 380 [18 L.Ed.2d 830, 837-838, 87 S.Ct. 1627].)

Discovery and depositions will determine the amendment of the complaint. For instance, whether Forrest Miller’s conduct during a state court proceeding of *quasi*-criminal nature constitutes state action. Supreme Court in Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653, decided June 15, 1964, the Fifth Amendment privilege against self-incrimination is protected against state action by the Fourteenth Amendment. In *Malloy*, the court stated (378 U.S. pp. 6-9, 84 S.Ct. pp. 1492-1494, 12 L.Ed.2d pp. 658-660.) Whether Forrest Miller was acting under the color of state law when he engaged in defamation, malpractice, and related discrimination during quasi-criminal proceedings.

"The federal guaranty of due process extends to state action through its judicial as well as through its legislative, executive, or administrative branch of government." (Twining v. New Jersey (1908) 211 U.S. 78, 90-91 [ 53 L.Ed. 97, 29 S.Ct. 14].) The court in Shelley concluded that "state action" "refers to exertions of state power in all forms. And when the effect of that action is to deny rights subject to the protection of the Fourteenth Amendment, it is the obligation of this Court to enforce the constitutional commands. " (334 U.S. at p. 20.)

The actions of Forrest Miller sufficiently inter-mingled with state court action and that of the officers. In the landmark case of Shelley v. Kraemer (1948) 334 U.S. 1 [ 92 L.Ed. 1161, 68 S.Ct. 836], the Supreme Court found that the action of state courts and judicial officers in enforcing private restrictive racial covenants constituted state action within the meaning of the Fourteenth Amendment to the United States Constitution. (Id. at pp. 18-19.)

Neither Granquist v. Sandberg (1990) 219 Cal.App.3d 181 nor Norton v. Superior Court (1994) 24 Cal.App.4th 1750 (Norton) dictates a contrary result. In Granquist, the Court of Appeal held that the personal representative of a deceased tort victim may recover pain, suffering, or disfigurement damages in a legal malpractice action. (Granquist, at p. 185.) In Norton, the Court of Appeal held that the collateral source rule applied in legal malpractice actions as a matter of "practicality." (Norton, supra, 24 Cal.App.4th at p. 1758.) According to the court,

"the defendant attorney stands in the shoes of the underlying tortfeasor insofar as the collateral source rule is concerned." (Ibid.)

Forrest Miller was prior a Kern County Public Defendant at 1315 Truxtun Ave Bakersfield, CA 93301-4517 in close proximity with 1415 Truxtun Ave Bakersfield, CA 93301-4517, and 1215 Truxtun Ave Bakersfield, CA 93301-4517 (state court addresses.)

Plaintiffs must conduct significant discovery and depositions to prove how this is beyond a private cause of action, it also pleads state action, and under color of state law standards. The pleading stage is not the grounds for any evidentiary dismissals.

A state law not facially preempted may be shown to be fatally inconsistent with federal law by the development of a factual record through the presentation of evidence. ( Florida Avocado Growers v. Paul (1963) 373 U.S. 132, 156 [ 10 L.Ed.2d 248, 264-265, 83 S.Ct. 1210]; Perdue v. Crocker National Bank (1985) 38 Cal.3d 913, 943-944 [ 216 Cal.Rptr. 345, 702 P.2d 503].) But this cannot be resolved upon demurrer; it requires the process of a trial. "On demurrer, it is not the function of a trial court, or of this court, to speculate on the ability of a plaintiff to support, at trial, allegations well pleaded." ( Meyer v. Graphic Arts International Union (1979) 88 Cal.App.3d 176, 179 [ 151 Cal.Rptr. 597].)

This applies to dismissals, *sua sponte*, and/or judgment on the pleadings. Pleadings are allegations, not evidence, and do not suffice to satisfy a party's

evidentiary burden. (See San Diego Police Officers Assn. v. City of San Diego (1994) 29 Cal.App.4th 1736, 1744.)

Even the alleged jurisdictional dismissals, whether *sua sponte*, and/or not, at the pleading stage, require a showing for the grounds.

Any voluntary dismissals must be for meritless claims. (Zamos v. Stroud (2004) 32 Cal.4th 958, 969.) Further, dismissals must for jurisdictional grounds must meet the heightened requirement of proving non-jurisdictional grounds, such as invalid state action, lack of color of state law, and/or other related federal statutes that automatically remain applicable under claims such as disability discrimination and racial discrimination.

Even standing grounds are sufficient, because each plaintiff has a justiciable claim for relief against the defendants in this specific matter. These observations in the Shelley case are quite significant: "We have noted that previous decisions of this Court have established the proposition that judicial action is not immunized from the operation of the Fourteenth Amendment simply because it is taken pursuant to the state's common-law policy. Nor is the Amendment ineffective simply because the particular pattern of discrimination, which the State has enforced, was defined initially by the terms of a private agreement. State action, as that phrase is understood for the purposes of the Fourteenth Amendment, refers to exertions of state power in all forms. And when the effect of that action is to deny rights subject to the protection

of the Fourteenth Amendment, it is the obligation of this Court to enforce the constitutional commands.

## CONCLUSION

The Plaintiffs, based on aforementioned grounds, chose not to amend the Original Complaint, and rest on the prior complaint filed. An OSC is not a case-initiating document that must be served in order to establish the court's jurisdiction over the defendants. The opposition to motion is under ten pages, thus, table of contents, and authorities is not required.

///

*Respectfully submitted,*

**DATED: May 2, 2023,**

/S/ Reshma Kamath

**LAW OFFICE OF RESHMA KAMATH**
Reshma Kamath,
Counsel for RANDEEP SINGH DHILLON, an individual; PINDER SINGH, an individual; GURPREET SINGH, an individual; BALWINDER SINGH, an individual

**PROOF OF SERVICE**

F.R.C.P. 5 / C.C.P. § 1013(a)(3), C.C.P. § 1010.6(a)(6) / Cal. R. Ct. R. 2.260

I am employed in, the County of San Mateo, California. I am over the age of 18, and not a party to this action. My business address is: 700 El Camino Real, Suite 120, #1084, Menlo Park, California 94025, United States, and electronic-service address is reshmakamath2021@gmail.com. On May 2, 2023, I served the following document(s), by method(s) indicated below, on the parties in this action: *SEE ATTACHED SERVICE LIST*.

///

**PLAINTIFFS' RESPONSE TO THE ORDER-TO-SHOW-CAUSE RE FEDERAL SUBJECT-MATTER JURISDICTION**

///

**ELECTRONIC SERVICE**: In electronically transmitting courtesy copies of the document(s) listed above to the email address(es) of the person(s) set forth on the attached service list. To my knowledge, the transmission was reported as complete and without error, as per the electronic service agreement between all parties and their attorneys of record, herein.

///

**UNITED STATES MAIL SERVICE**: In enclosing the documents in a sealed envelope or package addressed to the persons at the addresses below in depositing the sealed envelope with the United States Postal Service, with the postage fully prepaid.

///

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct. Executed on the 2nd day of May, 2023.

***/s/ Reshma Kamath***

**Reshma Kamath**

**SERVICE LIST**

WILLIAM EDWARDS, Defendant

168 H St, Bakersfield, CA 93304

E.: weejlaw@yahoo.com ; welawfirm@gmail.com ;

FORREST MILLER, Defendant

8021 Greenleaf Ave, Whittier, CA 90602

E.: forrestmiller@forrestmillerlaw.com