William Edwards, (SBN: 237587)
**WILLIAM EDWARDS LAW**
168 H Street
Bakersfield, CA 93304
Tel: (661) 324-0111
Fax: (661) 326-8984
Email: weejlaw@yahoo.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| RANDEEP SINGH DHILLON, an individual; PINDER SINGH, and individual; GURPREET SINGH, an individual; BALWINDER SINGH, and individual,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM EDWARDS, a California lawyer; FORREST MILLER, a California lawyer; and does 1-10, inclusive.<br><br>Defendant. | **CASE NO.1:23-cv-00416-ADA-CDB**<br><br>**Motion to Set Aside the Entry of Default and Dismiss for Lack of Subject Matter Jurisdiction** |

## 1. INTRODUCTION

Defendant William Edwards ("Defendant or Mr. Edwards") respectfully seeks an order setting aside entry of default judgment and dismissing this case pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction.

Pursuant to Rules 55(c) and 60(b)(4) of the Federal Rules of Civil Procedure, Defendant William Edwards moves this court to set aside the Default Judgment entered in this matter on May 1, 2023, because the Court lacked subject matter jurisdiction. Because the Default Judgment

is void, Defendants also respectfully request that this Court order restitution of funds paid by Defendants in satisfaction of the void judgment.

## II. FACTS

On March 20, 2023, Plaintiffs filed their Complaint against defendant William Edwards. Mr. Edwards did not purposefully fail to answer Plaintiffs complaint. Mr. Edwards was aware of the court's "Order to Show Cause" set forth on April 4, 2023, wherein the court explained Plaintiffs failure to allege Subject Matter Jurisdiction pursuant to 28 U.S.C. §§ 1331, 1346(b)(1), and ordered the complaint to be amended.

The court noted that if Plaintiffs intend to invoke a statue other than the one invoked, they must identify it "as this responsibility is not one that the Court will assume." Moreover, the court gave Plaintiffs **no later than fourteen (14) days from the date of signature** on said order to amend its complaint or face a dismissal for lack of jurisdiction.

In this case, Mr. Edwards believed that the court would dismiss Plaintiffs complaint when Plaintiff failed to amend its complaint after the 14 days had expired and Mr. Edwards was awaiting the court's dismissal.

However, instead of Plaintiffs amending its complaint, Plaintiff filed its Entry of Default on April 30, 2023, and the clerk entered said default on May 1, 2023. As such, Defendant is asking the court to set aside the entry of default and dismiss this case for lack of subject matter jurisdiction.

## III. ARGUMENT

### A. Good Cause Exist to Set Aside Entry of Default Judgment

Rule 55(c) states "[t]he court may set aside an entry of default for good cause. . ." Good cause exists for this Court to set aside the default judgment in this case because the Court lacked subject matter jurisdiction over this case. The Supreme Court has repeatedly held that "[f]ederal courts are courts of limited jurisdiction,' possessing only that power authorized by Constitution

and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 373, 377 (1994)). Although the Petitioners alleged that the court had federal question jurisdiction under 28 U.S.C. §1331 and §1346 (b)(1), Plaintiffs failed to allege any violations of federal law as it relates to defendant, a private individual.

Furthermore, the court noted on its own Order to Show Cause, that Plaintiff failed to show on the face of its complaint that defendant violated any federal law, treaty, or United States Constitutional provision; this means that this Court lacked jurisdiction over this dispute. Because this Court lacked jurisdiction over this matter, the default judgment it entered is void and this Court should set it aside based on lack of jurisdiction.

As noted above, good cause exists why Mr. Edwards did not respond to Plaintiffs complaint. Again, when Mr. Edwards observed that even the court realized its lack of jurisdiction by setting an Order to Show Cause, Mr. Edwards mistakenly believed that the complaint would be dismissed immediately. Mr. Edwards understandably realizes that the Eastern District Court is a busy court and Mr. Edwards should have filed a motion for lack of jurisdiction and mistakenly did not.

B. **There is No Time Limit for Moving to Set Aside Void Judgments.**

The Federal Rules of Civil Procedure sets forth the parameters for the District Court's ability to relieve a party or its legal representative from a final judgment, order, or proceeding. Specifically, Rule 60(b)(4) provides that a "court may relieve a party . . . from a final judgment, order, or proceeding" if the "the judgment is void." Fed.R.Civ.P. 60(b)(4).

A judgment entered by a court that lacks subject matter jurisdiction is void. *See Gonzalez v. Crosby,* 545 U.S. 524, 534 (2005). "A final judgment is 'void' for purposes of Rule 60(b)(4) only if the court that considered it lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound or acted in a manner inconsistent with due process of law." *United States v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999). "A void judgment is a legal nullity and a court considering a motion to vacate has no discretion in determining whether it

should be set aside." *Watts v. Pinckney*, 752 F.2d 406, 410 (9th Cir. 1985) (quoting *Jordan v. Gilligan*, 500 F.2d 701, 704 (6th Cir. 1974)).

Unlike other grounds for relief under Rule 60, no time limit exists to bring a motion to vacate a judgment as void. *Walker & Zanger (W. Coast) Ltd. v. Stone Design S.A.*, 4 F. Supp. 2d 931, 934 (C.D. Cal. 1997), *aff'd sub nom., Walker & Zanger (W. Coast) Ltd. v. Stone Design SA*, 142 F.3d 447 (9th Cir. 1998). Unlike motions for relief from judgment pursuant to Rule 60(b)(1),(2), or (3) (which must be filed within one year of the entry of judgment) or motions for relief from judgment pursuant to Rule 60(b)(5) or (6) (which must be filed within a reasonable time), motions to set aside a judgment as void under Rule 60(b)(4) may be brought at any time. *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987).

### C. To Invoke Federal Subject Matter Jurisdiction, the Plaintiff Must Aver Subject Matter Jurisdiction in its Complaint.

Federal district courts are "courts of limited jurisdiction," possessing "only that power authorized by the Constitution and statute." Exxon Mobil Corp. v. Allopattah Servs., Inc., 545 U.S. 546, 552 (2005). If a federal court determines that it lacks subject-matter jurisdiction at any time during a dispute, the court must dismiss the action. See Fed. R. Civ. P. 12(h)(3). The party invoking jurisdiction must allege facts that establish the court's subject-matter jurisdiction.

In this case, it appears that Plaintiffs are trying to invoke federal question jurisdiction. Federal question jurisdiction provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, (1987).

In order for a claim to arise under "federal law for 28 U.S.C. §1331 purposes, "the plaintiff's statement of his own cause of action [must show] that it is based upon federal law" to satisfy the

well-pleaded complaint rule. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). A case is said to be within a United States District Court's original jurisdiction if its claims are based on either federal question or diversity jurisdiction. *Id.* at 65.

**D. The Petitioners' Complaint Failed to Invoke Federal Jurisdiction as it related to Defendant.**

Plaintiffs' complaint failed to plead any claims arising under federal law, treaty, or the United States Constitution as it relates to defendant, Mr. Edwards (a private individual) who allegedly violated or would give rise to federal court jurisdiction. In fact, the complaint is totally lacking in any allegations that Defendant violated federal law. Only a governmental actor can violate the Fourteenth Amendment and not a private person.

The general assertion of federal question jurisdiction and the fact that Mr. Edwards is a private individual and not a governmental actor for the purpose of the Fourteenth Amendment is not sufficient to invoke federal question jurisdiction. The *only* thing that Petitioners' complaint *does* say is that "[t]he Court has jurisdiction over the subject matter of this complaint under 28 U.S.C. §1331 (Federal Questions), and §1346(b)(1).

"The presence or absence of federal-question jurisdiction as it related to defendant as an individual and not a government entity is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 392. Petitioners' complaint nowhere identifies any controversy arising under federal law as it related to a private individual.

Therefore, this Court does not have subject matter jurisdiction over any claims alleged against Defendant because Plaintiff has not set forth any violations of federal law as it relates to Defendant as a private person and invoking federal question jurisdiction that is required under all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331.

## CONCLUSION

Defendant respectfully seeks an order setting aside the entry of default and dismissing this case for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and (h)(3). Respectfully submitted this 1st the day of May 2023.

DATED: May 2nd, 2023

Respectfully submitted,

By: ______________________

William Edwards, Esq.

## CERTIFICATE OF SERVICE

I, Alexis Rojas, declare as follows:

1. I am now and at all times herein mentioned a legal and permanent resident of the United States and the State of California, over the age of eighteen years, not a party to the above-entitled action, and competent to testify as a witness.

2. I am employed with the law firm of William Edwards Corporation, 168 H Street Bakersfield, CA

3. Today I served the foregoing document via the court's CM/ECF system to all counsel of record. The foregoing statement is made under penalty of perjury and under the laws of the State of California and is true and correct. Signed at Bakersfield, California, this 2nd day of May 2023.

s/Alexis Rojas