**LAW OFFICE OF RESHMA KAMATH**
Reshma Kamath, Cal. Bar No. 333800,
700 El Camino Real, Suite 120, #1084,
Menlo Park, California 94025, United States
Ph.: 650 257 0719, E.: reshmakamath2021@gmail.com
Counsel for Plaintiffs RANDEEP SINGH DHILLON, an individual; PINDER SINGH, an individual; GURPREET SINGH, an individual; BALWINDER SINGH, an individual

**IN AND FOR THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION**

RANDEEP SINGH DHILLON, an individual; PINDER SINGH, an individual; GURPREET SINGH, an individual; BALWINDER SINGH, an individual,

Plaintiffs,

v.

WILLIAM EDWARDS, a California lawyer; FORREST MILLER, a California lawyer; and DOES 1-10, INCLUSIVE,

Defendants.

Case No.: **1:23-cv-00416-ADA-CDB**

**PLAINTIFFS' REQUEST FOR LEAVE TO FILE A *SUR*-REPLY**

**DEMAND FOR JURY TRIAL**

***TO THE HONORABLE COURT, ALL PARTIES, AND ATTORNEYS OF RECORD, HEREIN:***

**<u>REQUEST FOR LEAVE TO FILE *SUR*-REPLY</u>**

***PLEASE TAKE NOTICE*** that RANDEEP SINGH DHILLON, an individual; PINDER SINGH, an individual; GURPREET SINGH, an individual; BALWINDER SINGH, an individual, ("**PLAINTIFFS**,") **REQUEST** the Honorable Court for **LEAVE** to file a ***SUR*-REPLY**.

The REQUEST FOR LEAVE is properly brought before the Court. A *sur*-reply, within the court's discretion, is permitted only with leave of court granted for good cause. A *sur*-reply, if granted, may only be granted for parties to respond to new matters raised in a reply. "District courts have the discretion to either permit or preclude the filing of a sur-reply." Estate of Alvarado v. Tackett, No. 13-CV-1202 W (JMA), 2018 WL 1141502, at *1 (S.D. Cal. Mar. 2, 2018) (citing Johnson v. Wennes, No. 08-CV-1798-L (JMA), 2009 WL 1161620, at *2 (S.D. Cal. Apr. 28, 2009)). Courts generally exercise discretion when a valid reason exists, such as where the movant raises new arguments in the reply brief. *Id.* (citation omitted).

PLAINTIFFS state that "[A] district court does not abuse its discretion when, before considering new evidence attached to a reply brief, it gives the opposing party an opportunity to respond to the new evidence." Glass v. Asic N., Inc., 848 Fed.Appx. 255, 257 (9th Cir. 2021) (citing Dutta v. State Farm Mut. Auto. Ins. Co., 895 F.3d 1166, 1172 (9th Cir. 2018).)

In the interest of mitigating any potential unfairness, the court must exercise its discretion and allow PLAINTIFFS the opportunity to respond to the additional

evidence in DEFENDANT FORREST MILLER's reply brief. The court must grant PLAINTIFFS' request for leave to file a *sur*-reply.

Permitting the filing of a *sur*-reply is within the discretion of the district court. Schmidt v. Shah, 696 F. Supp. 2d 44, 60 (D.D.C. 2010) ("The decision to grant or deny leave to file a sur-reply is committed to the sound discretion of the court." "Although the court in its discretion [may] allow the filing of a sur-reply, this discretion should be exercised in favor of allowing a sur-reply only where a valid reason for such additional briefing exists." Johnson v. Wennes, No. 08-cv-1798, 2009 WL 1161620, at *2 (S.D. Cal. April 28, 2009.)

Here, DEFENDANT FORREST MILLER's reply has arguments that are **new** and PLAINTIFFS require the opportunity to respond to them – only for the court to evaluate the substance of the argument.

PLAINTIFFS state that "A district court may refuse to consider new [arguments or] evidence submitted for the first time in a reply if the evidence should have been presented" earlier. See Wallace v. Countrywide Home Loans, Inc., SACV 08-1463 AG (MLGx), 2009 WL 4349534, at *7 (C.D. Cal. Nov. 23, 2009); cf. Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996.) The Court could simply exercise its discretion to ignore any improper material that may or may not have been included in the papers, such as that of DEFENDANT FORREST MILLER's.

Moreover, PLAINTIFFS state that a *sur*-reply is meant only to address new issues raised by the opposing party for the first time in a reply brief.

Good-Cause appearing, the Court must grant the PLAINTIFFS' request to file a *sur*-reply.

The reasons are stated below:

**1.** In DEFENDANT's reply**,** DEFENDANT FORREST MILLER has brought up several **new allegations**, **new evidence**, and **defamatory remarks**, **<u>not</u>** in the Opposition, (**ECF No. 16**,) and **<u>not</u>** in his initial MOTION TO DISMISS. (**ECF No. 11**.)

Thus, PLAINTIFFS require a similar opportunity to respond to DEFENDANT FORREST MILLER's unrelated statements in the alleged reply remain BEYOND THE SCOPE of the PLAINTIFFS' OPPOSITION.

Hence, PLAINTIFFS request leave to file a *sur*-reply.

2. Further, PLAINTIFFS have filed two federal lawsuits against lower court judges for clear absence of jurisdiction. (*See*, Reshma Kamath v. Barmann et al, CAED, case no. 1:23-cv-00461-JLT-CDB; and Dhillon v. Barmann et al, CAED case no. 1:23-at-00268.

PLAINTIFFS require a similar opportunity to respond to DEFENDANT FORREST MILLER'S ALLEGATIONS (e.g., judge-shopping, insolence,) **<u>UNRELATED</u>** to DEFENDANT FORREST MILLER's MALPRACTICE and DISCRIMINATION towards PLAINTIFFS. The clients, i.e., PLAINTIFFS know the truth, and know that the judicial officer's comments have no merit because of DEFENDANT FORREST MILLER's misleading and falsified comments in the state

court during a different proceeding. Litigation privilege does not protect any attorneys' false comments to a judicial officer, and about a client.

DEFENDANT FORREST MILLER's MALPRACTICE and DISCRIMINATION, AND DEFENDANT FORREST MILLER's REQUEST FOR JUDICIAL NOTICE about undersigned counsel's non-factual are **COMPLETELY UNRELATED**, and are **two COMPLETE DIFFERENT CLAIMS FOR RELIEF**. They're **not** interdependent, and **not even one element of insolence and contempt about a different attorney** has any basis in DEFENDANT FORREST MILLER's **malpractice, and discrimination**.

Therefore, DEFENDANT FORREST MILLER is only seeking to stray this present Court away from the substantive matters; and, to further confuse this Court away from DEFENDANT FORREST MILLER's MALPRACTICE.

Hence, PLAINTIFFS request leave to file a *sur*-reply.

3. The jurisdictional claims that DEFENDANT FORREST MILLER raises in an effort to mimic the Court's OSC is stated in the Reply adding to Motion. Not within the scope of the Opposition. PLAINTIFFS must have a similar opportunity to relege the claims sufficiently and adequately as to why the jurisdiction is valid under federal causes of action.

Hence, PLAINTIFFS request leave to file a *sur*-reply.

4. Finally, the Honorable Court must realize that DEFENDANT FORREST MILLER is apparently **concealing and hiding DEFENDANT FORREST**

**<u>MILLER's malpractice</u>** in comments about a lower-court judge's remarks about insolence. (Many of which were not even adjudicated yet.) Insolence and Contempt *re* a different attorney have absolutely **<u>no basis and relation</u>** to DEFENDANT FORREST MILLER's MALPRACTICE and DISCRIMINATION towards PLAINTIFFS.

DEFENDANT FORREST MILLER's gamesmanship, dilatory tactics, defamation, bad-faith, and misleading statements in- and out-of-the court had clouded the lower court judicial officer's neutral and impartial decision-making. DEFENDANT FORREST MILLER is repeating this in bringing **<u>unrelated cases</u>** (i.e., not about DEFENDANT's malpractice, but a different plaintiff's (Jack Wright's case about real property.)

Hence, PLAINTIFFS request leave to file a *sur*-reply.

## <u>CONCLUSION</u>

GOOD CAUSE appearing, PLAINTIFFS would like the opportunity to respond to DEFENDANT FORREST MILLER's (out-of-scope) reply – with a basis in fact and law. PLAINITFFS move for permission to file a *sur*-reply. Thus, for the aforementioned reasons, PLAINTIFFS request permission and **leave of the court to file a Sur-Reply** within seven (7) court days.

*///*

*///*

*///*

*Respectfully submitted,*

**DATED: May 3, 2023,**

/S/ Reshma Kamath

**LAW OFFICE OF RESHMA KAMATH**
Reshma Kamath,
Counsel for RANDEEP SINGH DHILLON, an individual; PINDER SINGH, an individual; GURPREET SINGH, an individual; BALWINDER SINGH, an individual

**PROOF OF SERVICE**

F.R.C.P. 5 / C.C.P. § 1013(a)(3), C.C.P. § 1010.6(a)(6) / Cal. R. Ct. R. 2.260

I am employed in, the County of San Mateo, California. I am over the age of 18, and not a party to this action. My business address is: 700 El Camino Real, Suite 120, #1084, Menlo Park, California 94025, United States, and electronic-service address is reshmakamath2021@gmail.com. On May 3, 2023, I served the following document(s), by method(s) indicated below, on the parties in this action: *SEE ATTACHED SERVICE LIST*.

///

**PLAINTIFFS' REQUEST FOR LEAVE TO FILE A *SUR*-REPLY**

///

**ELECTRONIC SERVICE**: In electronically transmitting courtesy copies of the document(s) listed above to the email address(es) of the person(s) set forth on the attached service list. To my knowledge, the transmission was reported as complete and without error, as per the electronic service agreement between all parties and their attorneys of record, herein.

///

**UNITED STATES MAIL SERVICE**: In enclosing the documents in a sealed envelope or package addressed to the persons at the addresses below in depositing the sealed envelope with the United States Postal Service, with the postage fully prepaid.

///

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct. Executed on the 3rd day of May, 2023.

***/s/ Reshma Kamath***
**Reshma Kamath**

**SERVICE LIST**

WILLIAM EDWARDS, Defendant

168 H St, Bakersfield, CA 93304

E.: weejlaw@yahoo.com ; welawfirm@gmail.com ;

FORREST MILLER, Defendant

8021 Greenleaf Ave, Whittier, CA 90602

E.: forrestmiller@forrestmillerlaw.com