**LAW OFFICE OF RESHMA KAMATH**
Reshma Kamath, Cal. Bar No. 333800,
700 El Camino Real, Suite 120, #1084,
Menlo Park, California 94025, United States
Ph.: 650 257 0719, E.: reshmakamath2021@gmail.com
Counsel for Plaintiffs RANDEEP SINGH DHILLON, an individual; PINDER SINGH, an individual; GURPREET SINGH, an individual; BALWINDER SINGH, an individual

**IN AND FOR THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION**

| | |
|---|---|
| RANDEEP SINGH DHILLON, an individual; PINDER SINGH, an individual; GURPREET SINGH, an individual; BALWINDER SINGH, an individual,<br>Plaintiffs,<br>v.<br>WILLIAM EDWARDS, a California lawyer; FORREST MILLER, a California lawyer; and DOES 1-10, INCLUSIVE,<br><br>Defendants. | Case No.: **1:23-cv-00416-ADA-CDB**<br><br>**DECLARATION OF PLAINTIFF RANDEEP SINGH DHILLON IN SUPPORT OF THE OPPOSITION TO THE MOTION OF DEFENDANT WILLIAM EDWARDS; AND THE MOTION TO DISMISS OF DEFENDANT FORREST MILLER**<br><br>**DEMAND FOR JURY TRIAL** |

***TO THE HONORABLE COURT, ALL PARTIES, AND ATTORNEYS OF RECORD, HEREIN:***

# DECLARATION OF RANDEEP SINGH DHILLON

**I, RANDEEP SINGH DHILLON, declare:**

1. I'm plaintiff in this matter.
2. I'm represented by Counsel Reshma Kamath.
3. I'm filing this declaration in support of the opposition against the motion to set aside default erroneously filed as motion for default judgment by William Edwards; and, the motion to dismiss filed by Defendant Forrest Miller.
4. Both these attorneys have committed malpractice.
5. Defendant William Edwards falsified discovery responses, and discovery signatures. He never showed them to me in one case where Jack Wright was a litigant.
6. He then had discovery responses about Jack Wright in a different matter related to SBIC; and, how the opposing attorney, Seth Odell in a completely different case, Wright v. Dhillon, received those discovery responses of SBIC is unbeknownst to me. Only my undersigned counsel discovered this during trial, and checked with Teri Pham, the SBIC attorney. (RANDEEP DHILLON VS STATE BANK OF INDIA (CALIFORNIA), A CALIFORNIA CORPORATION ET AL, Case # BCV-19-101602).
7. Defendant William Edwards did not answer several discovery interrogatories, and did not transfer the case file. My undersigned counsel had to make diligent efforts via e-mail, telephone call to several people from Defendant

William Edwards' law firm. One lady from Defendant William Edwards even screamed at my undersigned counsel over the phone, and other attorneys have informed my undersigned counsel that the same lady screamed and abused them as well. (WRIGHT VS DHILLON ET AL, Case # BCV-21-100320).

8. Defendant William Edwards falsely took Pinder Singh's signature on the day before trial – without informing Pinder Singh, and/or me that a trial was commencing the next day. For this, the entire matter ended in non-suit, and we're facing pending appeal with a Reply Brief due in a week – according to the advice of my undersigned counsel. (PLANZ PINDER ENTERPRISES, INC v. WRIGHT, JACK, BCV-19-100492.)

9. Defendant William Edwards has delayed several matters, such as this.

10. Defendant William Edwards did not respond to discovery interrogatories propounded for over ten months. Finally, the other side, Seth O'Dell and George Martin filed a motion to compel after my undersigned counsel came into the matter. Neither Defendant William Edwards, nor Seth O'Dell/George Martin provided any notice of discovery interrogatories from December 2021. Defendant William Edwards did not alert the undersigned counsel that Defendant William Edwards had failed to respond to discovery interrogatories over ten months. For this, we got sanctioned by the court, because of Defendant William Edwards' failures. Further, Defendant William Edwards

caused “Request for Admissions Deemed Admitted” by the court that affected me at trial. (WRIGHT VS DHILLON ET AL, Case # BCV-21-100320).

11. Defendant William Edwards further telephoned me several times after he was substituted out of the matter (even in the middle of trial), in Wright v. Dhillon, telling me to re-purchase my own (fraudulently-sold) land, Parcel B from Jack Wright for over $1.3 million. This phone-call literally occurred the exact day when my undersigned counsel had negotiated with Seth O’Dell about the settlement in front of me during the trial recess. Defendant William Edwards had wanted a percentage of the land Parcel B from the sale, and it was obvious he was in constant collusion with Seth O’Dell. (WRIGHT VS DHILLON ET AL, Case # BCV-21-100320). He called me several times about this deal.

12. Defendant William Edwards’ motion is not only defective that it was filed under the wrong title (and must be struck as my undersigned counsel has stated effectively), we also do not waive any filing and service defects. In fact, the motion to set aside – filed as a motion for default judgment – was not served on my undersigned counsel.

13. Defendant Forrest Miller has done his egregious acts.

14. Defendant Forrest Miller communicated with both my insurance attorneys, as well as the plaintiff’s attorney (where I was defendant) in Milam v. Surestay – where Defendant Forrest Miller let the insurance attorney settle with

Plaintiff's attorney. I was not represented by the insurance attorney. I was represented by Defendant Forrest Miller. I have e-mails and e-mails from them that my undersigned counsel reviewed and informed me of. He even tried to settle at a higher amount to take a cut without telling me. (MILAM VS SURESTAY INC., A CORPORATION, Case # BCV-19-101687).

15. Defendant Forrest Miller took payment from me for Henry Davis' representation. Then, last minute at trial, he did not want to represent Henry Davis – who is a 50-year-old African-American veteran. Literally, after trial commenced, he played the judge like a fiddle. (WRIGHT VS DHILLON ET AL, Case # BCV-21-100320).

16. Defendant Forrest Miller created a drama in the courtroom, and falsely put the blame on my undersigned counsel. Defendant Forrest Miller even wrote a perjured declaration stating that Henry Davis was represented by undersigned counsel for that trial – when Henry Davis was not. Only Forrest Miller represented Henry Davis. Then, Defendant Forrest Miller fought with Henry Davis in the parking lot, and stated many inappropriate statements to Henry Davis – who was almost in tears.

17. The court believed Defendant Forrest Miller's false accounts.

18. Why has Defendant Forrest Miller charged me for Henry Davis' representation – when he stated he has a million dollar lawsuit for Lyft starting simultaneously. Defendant Forrest Miller is only about money – not

about representing Henry Davis for two years and then forcing to leave him at trial and further, forcing him to settle. (Case # BCV-21-100320).

19. My undersigned counsel, Reshma Kamath, became a scape-goat in the courtroom caught between Defendant Forrest Miller, Defendant William Edwards, and the court. In fact, several times, Defendant William Edwards shirked from doing his job in the preparation of trial documents; and, pleaded my undersigned counsel to add Henry Davis' name to the documents that only my undersigned counsel had prepared (not Defendant Forrest Miller.) Then, Defendant Forrest Miller falsified to the courtroom that Henry Davis was represented by undersigned counsel. Impossible. I had paid Defendant Forrest Miller for Henry Davis' legal fees, because I do charitable donations for veterans and people in need. My undersigned counsel had no communication about Wright v. Dhillon with Henry Davis. In fact, Defendant Forrest Miller had told Henry Davis to contact my undersigned counsel right before trial, because Forrest Miller did not want to prepare the pre-trial documents. Neither Defendants Edwards, nor Miller prepared any expert witness even when they represented me for over two years. Only my undersigned counsel prepared three different expert witnesses helping me uncover notary fraud, forgery, and a slew of other property issues. Neither Defendants Edwards, nor Miller posted Jury Fees at the Case Management Conference, and/or thereafter. Both have experience, yet neither did so – not

only in Wright v. Dhillon, but also Defendant Edwards in Planz v. Wright. I had informed them that I wanted a jury trial, and a simple thing such as posting jury fees was not done at the CMC.

20. Neither Defendants Edwards, nor Miller should escape this lawsuit. I wanted a federal lawsuit – and I had informed my attorney to file the federal lawsuit. She is not "judge-shopping." It is Miller, and Edwards who're playing games everywhere, and they cannot escape their fraud on the court.

21. Not only me, but also Mr. Pinder Singh has greatly suffered in his old age. He has lost his farm, his equipment, and his livelihood, because of Defendant William Edwards' malpractice, and that of Defendant Forrest Miller.

22. The defendants have jipped me out of millions of dollars collectively with ineffective legal representation.

23. Per the advice of my undersigned counsel, if not federal, this must be remanded to state court. Either way, pursuant to my undersigned counsel, we have federal jurisdiction based on the federal Americans with Disabilities Act. Both Pinder Singh and I underwent independent mental health examinations (IME) with Dr. Nina Rodd based on my undersigned counsel's advice for above-stated Wright v. Dhillon matter. This will prove the trauma and mental anguish we have faced.

///

///

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct. Executed on MAY 16, 2023, electronically. Bakersfield, California.

///

**DATED: May 16, 2023,**

**RANDEEP SINGH DHILLON,**

**PLAINTIFF**

///

///

*Respectfully submitted,*

**DATED: May 16, 2023,**

/S/ Reshma Kamath

**LAW OFFICE OF RESHMA KAMATH**
Reshma Kamath,
Counsel for RANDEEP SINGH DHILLON, an individual; PINDER SINGH, an individual; GURPREET SINGH, an individual; BALWINDER SINGH, an individual

# PROOF OF SERVICE

F.R.C.P. 5 / C.C.P. § 1013(a)(3), C.C.P. § 1010.6(a)(6) / Cal. R. Ct. R. 2.260

I am employed in, the County of San Mateo, California. I am over the age of 18, and not a party to this action. My business address is: 700 El Camino Real, Suite 120, #1084, Menlo Park, California 94025, United States, and electronic-service address is reshmakamath2021@gmail.com. On May 17, 2023, I served the following document(s), by method(s) indicated below, on the parties in this action: *SEE ATTACHED SERVICE LIST.*

///

**DECLARATION OF PLAINTIFF RANDEEP SINGH DHILLON IN SUPPORT OF THE OPPOSITION TO THE MOTION OF DEFENDANT WILLIAM EDWARDS; AND THE MOTION TO DISMISS OF DEFENDANT FORREST MILLER**

///

**ELECTRONIC SERVICE**: In electronically transmitting courtesy copies of the document(s) listed above to the email address(es) of the person(s) set forth on the attached service list. To my knowledge, the transmission was reported as complete and without error, as per the electronic service agreement between all parties and their attorneys of record, herein.

///

**UNITED STATES MAIL SERVICE**: In enclosing the documents in a sealed envelope or package addressed to the persons at the addresses below in depositing the sealed envelope with the United States Postal Service, with the postage fully prepaid.

///

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct. Executed on the 17th day of May, 2023 electronically.

***/s/ Reshma Kamath***
**Reshma Kamath**

**SERVICE LIST**

WILLIAM EDWARDS, Defendant

168 H St, Bakersfield, CA 93304

E.: weejlaw@yahoo.com ; welawfirm@gmail.com ;

FORREST MILLER, Defendant

8021 Greenleaf Ave, Whittier, CA 90602

E.: forrestmiller@forrestmillerlaw.com