**LAW OFFICE OF RESHMA KAMATH**
Reshma Kamath, Cal. Bar No. 333800,
700 El Camino Real, Suite 120, #1084,
Menlo Park, California 94025, United States
Ph.: 650 257 0719, E.: reshmakamath2021@gmail.com
Counsel for Plaintiffs RANDEEP SINGH DHILLON, an individual; PINDER SINGH, an individual; GURPREET SINGH, an individual; BALWINDER SINGH, an individual

**IN AND FOR THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION**

| | |
|---|---|
| RANDEEP SINGH DHILLON, an individual; PINDER SINGH, an individual; GURPREET SINGH, an individual; BALWINDER SINGH, an individual,<br>Plaintiffs,<br>v.<br>WILLIAM EDWARDS, a California lawyer; FORREST MILLER, a California lawyer; and DOES 1-10, INCLUSIVE,<br>Defendants. | Case No.: **1:23-cv-00416-ADA-CDB**<br><br>**OMNIBUS OPPOSITION TO THE MOTION TO SET ASIDE DEFAULT OF DEFENDANT WILLIAM EDWARDS; AND MOTION TO DISMISS**<br><br>**DEMAND FOR JURY TRIAL** |

***TO THE HONORABLE COURT, ALL PARTIES, AND ATTORNEYS OF RECORD, HEREIN:***

# OPPOSITION

## I.

## INTRODUCTION

The court must deny relief from default as to Defendant William Edwards for the reasons stated below: Defendant failed to meet the burden of establishing excusable neglect and reasonable diligence. There is more than sufficient evidence supporting the amount of the judgment which was entered against Defendant William Edwards.

Pursuant to California *Code of Civil Procedure* (C.C.P.) section 473, Defendant William Edwards has not met any of the grounds for relief, such as mistake, inadvertence, excusable neglect, inadvertence. Defendant William Edwards' professional incompetence should not considered any kind of mistake to warrant relief from default.

Even with a default, Defendant William Edwards can participate in the litigation process with discovery, depositions, and trial.

///

///

///

## II.

## LAW

The terms, mistake, inadvertence, surprise, and excusable neglect, warranting relief under C.C.P. section 473, subdivision (b), are defined as follows:

"Mistake is not a ground for relief under section 473, subdivision (b), when 'the court finds that the "mistake" is simply the result of professional incompetence, general ignorance of the law, or unjustifiable negligence in discovering the law....' (8 Witkin, Cal. Procedure (5th ed. 2008) Attack on Judgment in Trial Court, § 155, p. 749.)

Further, '[t]he term "surprise, " as used in C.C.P. section 473, refers to "'some condition or situation in which a party... is unexpectedly placed to his injury, without any default or negligence of his own, which ordinary prudence could not have guarded against.'" [Citation.]' (State Farm Fire & Casualty Co. v. Pietak (2001) 90 Cal.App.4th 600, 611.) Finally, as for inadvertence or neglect, '[t]o warrant relief under section 473 a litigant's neglect must have been such as might have been the act of a reasonably prudent person under the same circumstances. The inadvertence contemplated by the statute does not mean mere inadvertence in the abstract. If it is wholly inexcusable it does

not justify relief. [Citations.]" (Hearn v. Howard (2009) 177 Cal.App.4th 1193, 1206.)

"[A] motion to vacate a default and set aside judgment (§ 473) 'is addressed to the sound discretion of the trial court, and in the absence of a clear showing of abuse... the exercise of that discretion will not be disturbed on appeal.' [Citations.] Moreover, all presumptions will be made in favor of the correctness of the order, and the burden of showing abuse is on the appellant. [Citation.]" (Lint v. Chisholm (1981) 121 Cal.App.3d 615, 619-620; Hearn v. Howard (2009) 177 Cal.App.4th 1193 at p. 1200; accord, In re Marriage of Eben-King & King (2000) 80 Cal.App.4th 92, 118 ["The standard for appellate review of an order denying a motion to set aside under section 473 is quite limited. A ruling on such a motion rests within the sound discretion of the trial court, and will not be disturbed on appeal in the absence of a clear showing of abuse of discretion, resulting in injury sufficiently grave as to amount to a manifest miscarriage of justice"].)

## III.

## FACTUAL BACKGROUND

Defendant William Edwards was properly served with complaint, summons, and case-initiating documents timely. The proof of service (and

amended proof of service) reflects personal service of the complaint, summons, and case-initiating documents timely on Defendant William Edwards from a registered process-server.

Both Defendant-attorneys William Edwards, and Forrest Miller have committed malpractice. (*See*, DECLARATION OF PLAINTIFF RANDEEP SINGH DHILLON IN SUPPORT OF THE OPPOSITION TO THE MOTION OF DEFENDANT WILLIAM EDWARDS; AND THE MOTION TO DISMISS OF DEFENDANT FORREST MILLER).

Defendant William Edwards falsified discovery responses, and discovery signatures. He never showed them to me in one case where Jack Wright was a litigant.

Defendant William Edwards then had discovery responses about Jack Wright in a different matter related to SBIC; and, how the opposing attorney, Seth Odell in a completely different case, Wright v. Dhillon, received those discovery responses of SBIC is unbeknownst to me. (RANDEEP DHILLON VS STATE BANK OF INDIA (CALIFORNIA), A CALIFORNIA CORPORATION ET AL, Case # BCV-19-101602).

///

///

Defendant William Edwards did not answer several discovery interrogatories, and did not transfer the case file.

The undersigned counsel had to make diligent efforts via e-mail, telephone call to several people from Defendant William Edwards' law firm. One lady from Defendant William Edwards even screamed at the undersigned counsel over the phone, and other attorneys have informed the undersigned counsel that the same lady screamed and abused them as well. (WRIGHT VS DHILLON ET AL, Case # BCV-21-100320).

Defendant William Edwards falsely took Pinder Singh's signature on the day before trial – without informing Pinder Singh, and/or Plaintiff Dhillon that a trial was commencing the next day. For this, the entire matter ended in non-suit, and Plaintiffs are facing pending appeal with a Reply Brief due in a week – according to the advice of the undersigned counsel. (PLANZ PINDER ENTERPRISES, INC v. WRIGHT, JACK, BCV-19-100492.) (See, DECLARATION OF PLAINTIFF PINDER SINGH IN SUPPORT OF THE OPPOSITION TO THE MOTION OF DEFENDANT WILLIAM EDWARDS).

///

///

Defendant William Edwards has delayed several matters, such as this.

Defendant William Edwards did not respond to discovery interrogatories propounded for over ten months. Finally, the other side, Seth O'Dell and George Martin filed a motion to compel after the undersigned counsel came into the matter. Neither Defendant William Edwards, nor Seth O'Dell/George Martin provided any notice of discovery interrogatories from December 2021.

Defendant William Edwards did not alert the undersigned counsel that Defendant William Edwards had failed to respond to discovery interrogatories over ten months.

Further, Defendant William Edwards caused "Request for Admissions Deemed Admitted" by the court that affected Plaintiff Dhillon at trial. (WRIGHT VS DHILLON ET AL, Case # BCV-21-100320).

Defendant William Edwards further telephoned Plaintiff Dhillon several times after he was substituted out of the matter (even in the middle of trial), in Wright v. Dhillon, telling Plaintiff Dhillon to re-purchase Plaintiff

Dhillon's own (fraudulently-sold) land, Parcel B from Jack Wright for over $1.3 million.

This phone-call literally occurred the exact day when Plaintiffs' undersigned counsel had negotiated with Seth O'Dell about the settlement in front of Plaintiff Dhillon during the trial recess. Defendant William Edwards had wanted a percentage of the land Parcel B from the sale, and it was obvious he was in constant collusion with Seth O'Dell. (WRIGHT VS DHILLON ET AL, Case # BCV-21-100320).

Defendant Forrest Miller has done his egregious acts.

Defendant Forrest Miller communicated with both Plaintiff Dhillon's insurance attorneys, as well as the plaintiff's attorney (where Plainitff's corporation was defendant) in Milam v. Surestay – where Defendant Forrest Miller let the insurance attorney settle with Plaintiff's attorney.

Plaintiff Dhillon has e-mails and e-mails from them that the undersigned counsel reviewed and informed Dhillon of. He even tried to settle at a higher amount to take a cut without telling me. (MILAM VS SURESTAY INC., A CORPORATION, Case # BCV-19-101687).

Defendant Forrest Miller took payment from Plaintiff Dhillon for Henry Davis' representation. Then, last minute at trial, he did not want to represent Henry Davis – who is a 50-year-old African-American veteran. Literally, after trial commenced, he played the judge like a fiddle. (WRIGHT VS DHILLON ET AL, Case # BCV-21-100320).

Neither Defendants Edwards, nor Miller prepared any expert witness even when they represented Plaintiff Dhillon for over two years.

Neither Defendants Edwards, nor Miller posted Jury Fees at the Case Management Conference, and/or thereafter. Both have experience, yet neither did so – not (Case # BCV-21-100320). only in Wright v. Dhillon, but also Defendant Edwards in Planz v. Wright.

Both Plaintiffs Pinder Singh and Dhillon underwent independent mental health examinations (IME) with Dr. Nina Rodd based on the Plaintiffs' undersigned counsel's advice for above-stated Wright v. Dhillon matter. This will prove the trauma and mental anguish that Plaintiffs have faced.

///

///

The Defendants' disability discrimination, age discrimination, and state action under the Fourteenth Amendment of the United States Constitution sufficiently establish federal subject-matter jurisdiction for Plaintiffs to litigate this matter in federal court.

**IV.**

## <u>ARGUMENT</u>

1. DEFENDANT EDWARDS HAD NOT GENERALLY APPEARED IN THE MATTER EVEN VIA E-MAIL; THE UNDERSIGNED COUNSEL WOULD GLADLY HAVE STIPULATED TO EXTENDING ANY KIND OF RESPONSIVE PLEADING DEADLINE;

Defendant Edwards did not generally appear in the above-captioned matter. Defendant William Edwards could have e-mailed the undersigned counsel asking whether any kind of amended complaint was filed. However, Defendant William Edwards did not do so. It has been held that a defendant who argues issues of subject matter jurisdiction makes a general appearance. (Raps v. Raps (1942) 20 Cal.2d 382, 384 [ 125 P.2d 826].) Subject matter jurisdiction, however, is the power of the court to hear the cause. (Abelleira v. District Court of Appeal (1941) 17 Cal.2d 280, 288 [ 109 P.2d 942, 132 A.L.R. 715].) Plaintiffs contend that the federal court is the proper forum.

Defendant Edwards did not file any kind of responsive pleading. Had Defendant Edwards demanded any kind of extension to file the responsive

pleading, undersigned counsel would have gladly provided it. However, Defendant Edwards did not do so either.

Defendant Edwards' professional incompetence is not any kind of excuse to warrant relief. This will prejudice Plaintiffs.

## 2. DEFENDANT EDWARDS DID NOT MEET-AND-CONFER THAT HE WAS WAITING FOR ANY KIND OF AMENDED COMPLAINT;

Plaintiffs did not have to file any amended complaint. There is sufficient jurisdiction under the federal Americans with Disabilities Act.

Defendant William Edwards did not meet-and-confer that he was waiting on any kind of amended complaint.

## 3. DEFENDANT WILLIAM EDWARDS WAS PERSONALLY-SERVED;

The personal service of the summons, complaint and related case-initiating documents was properly effectuated upon him. Therefore default should not be set aside under section 473, subdivision (b) and further pursuant to the inherent equitable power of the court. The filing of the proof of

personal service creates a rebuttable presumption that service was proper. (Dill v. Berquist Construction Co. (1994) 24 Cal.App.4th 1426, 1441.) There is a declaration regarding diligence, stating that the process server attempted to serve personally Defendant Edwards at his office and he was served. Also a declaration of mailing, stating that the summons, complaint, and other related documents were mailed to Defendant Edwards.

4. DEFENDANT WILLIAM EDWARDS WAS PERSONALLY-SERVED VIA A REGISTERED PROCESS-SERVER AND HAD SUFFICIENT NOTICE OF THE LAWSUIT;

Based on the personal service of the summons, complaint and related case-initiating documents, Defendant Edwards had sufficient notice of the lawsuit. Section 473.5 provides that, if the defendant is deprived of actual notice "in time to defend the action and a default or default judgment has been entered against him or her in the action, " the party may move to set aside the default or default judgment. (§ 473.5, subd. (a).) "Under section 473, subdivision (d), the court may set aside a default judgment which is valid on its face, but void, as a matter of law, due to improper service. [Citations.]" (Ellard v. Conway (2001) 94 Cal.App.4th 540, 544.) Defendant Edwards did not state in any supporting declaration that he was deprived of actual notice in time to defend the action. He also did not deny that he received the summons

and complaint personally. Furthermore, he did not deny receiving the application for entry of default.

5. DEFENDANT WILLIAM EDWARDS WAS APPROPRIATELY GIVEN NOTICE OF THE APPLICATION FOR ENTRY OF DEFAULT;

Under Fasuyi v. Permatex, Inc. (2008) 167 Cal.App.4th 681, 703, Plaintiffs provided appropriate notice of the application for entry of default. Yet, Defendant Edwards failed to file any responsive pleading timely.

After-the-fact statements that he was waiting for an amended complaint – without any meet-and-confer; and/or stipulation with undersigned counsel – is not grounds to set aside default.

Randeep S. Dhillon East. Dist. of CA Fresno Case No.: 1:23-cv-00416-ADA-CDB

**Reshma Kamath** <reshmakamath2021@gmail.com> Tue, May 2, 8:00 AM
to WIlliam, WILLIAM

Mr. Edwards:

Please see attached.

Sincerely,

*Reshma Kamath*

**Law Office of Reshma Kamath**
Counselor-at-Law | 2022 Elite Lawyer | Lawyers of Distinction
Address: Law Office of Reshma Kamath
700 El Camino Real Suite 120, #1084, Menlo Park, CA 94025
Phone: 650 257 0719 | E-mail: reshmakamath2021@gmail.com |
LinkedIn: www.linkedin.com/in/globalcitizenwithjd/ |

Website: www.myinstalawyer.com |

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication. Thank you for your cooperation. To ensure compliance with Internal Revenue Service Circular 230, we inform you that any tax advice contained in this communication is not intended or written to be used, and cannot be used for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

**3 Attachments** • Scanned by Gmail

RESHMA KAM

**Reshma Kamath <reshmakamath2021@gmail.com>**

Tue, May 2, 5:25 PM

to WIlliam, WILLIAM

Please see.

Sincerely,

*Reshma Kamath*

**Law Office of Reshma Kamath**

Counselor-at-Law | 2022 Elite Lawyer | Lawyers of Distinction
Address: Law Office of Reshma Kamath
700 El Camino Real Suite 120, #1084, Menlo Park, CA 94025
Phone: 650 257 0719 | E-mail: reshmakamath2021@gmail.com |
LinkedIn: www.linkedin.com/in/globalcitizenwithjd/ |
Website: www.myinstalawyer.com |

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication. Thank you for your cooperation. To ensure compliance with Internal Revenue Service Circular 230, we inform you that any tax advice contained in this communication is not intended or written to be used, and cannot be used for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

**2 Attachments** • Scanned by Gmail

RESHMA KAM

**Reshma Kamath** <reshmakamath2021@gmail.com>
to WIlliam, WILLIAM

Wed, May 3, 10:29 PM

**One attachment** • Scanned by Gmail

6. DEFENDANT WILLIAM EDWARDS WAS REMINDED OF FILING THE RESPONSIVE PLEADING VIA DEFENDANT FORREST MILLER;

Defendant Edwards was required to exercise reasonable diligence in bringing the motion to set aside default. Under section 473.5, he had to establish (1) he was deprived of actual notice in time to defend the action against him, before default was entered against him (Hearn, supra, 177 Cal.App.4th at p. 1206; Plaza Hollister Ltd. Partnership v. County of San Benito (1999) 72 Cal.App.4th 1, 19; § 473.5) and (2) he brought the motion within a reasonable time (§ 473.5, subd. (a)).

Defendant Edwards **did not meet** this standard of reasonable diligence. Defendant Edwards stated he knew of the lawsuit, and was only waiting. He was reminded of communication from co-defendant Forrest Miller.

A reasonable inference can be made from these facts that Defendant Edwards was aware of the instant lawsuit. Thus, the court will not abuse its discretion in denying Edwards relief from default on this ground.

///

7. DEFENDANT WILLIAM EDWARDS **DID NOT** SATISFACTORILY ALLEGE SURPRISE, MISTAKE, EXCUSABLE NEGLECT, EXTRINSIC FRAUD, AND/OR INADVERTENCE IN HIS MOTION;

An application for mandatory relief must be accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect. (Huh v. Wang (2007) 158 Cal.App.4th 1406, 1414.) The defaulting party "must submit sufficient admissible evidence that the default was actually caused by the attorney's error. [Citation.] 'If the prerequisites for the application of the mandatory relief provision of [section 473(b)] exist, the trial court does not have discretion to refuse relief.' [Citation.]" (Ibid.) The attorney's conduct must cause the entry of default but need not be the sole cause. (SJP Limited Partnership v. City of Los Angeles (2006) 136 Cal.App.4th 511, 520.)

When counsel's mistakes do not cause the default, the mandatory relief provision is not applicable. (Todd v. Thrifty Corp. (1995) 34 Cal.App.4th 986, 992.) For example, "if an 'intentional strategic decision' caused the default or dismissal to occur, section 473 relief was not available." (Jerry's Shell v. Equilon Enterprises, LLC (2005) 134 Cal.App.4th 1058, 1073; see also Standard Microsystems Corp. v. Winbond Electronics Corp., 179 Cal.App.4th at p. 906 [no neglect when an attorney deliberately causes a

client to incur a default]; but see Solv-All v. Superior Court (2005) 131 Cal.App.4th 1003, 1012 [questioning whether a strategic decision bars entry Sof default].)

When the court finds that a default was not caused by attorney error, any appellate court will review the court's causation finding to determine if it is supported by substantial evidence. (Milton v. Perceptual Development Corp. (1997) 53 Cal.App.4th 861, 867-868; Lang v. Hochman (2000) 77 Cal.App.4th 1225, 1252 [applying substantial evidence standard].)

In this case, Defendant Edwards states admittedly that he was waiting. This insinuates Defendant Edwards was strategically and intentionally waiting. However, he did not make that point clear to opposing counsel.

Here, Defendant Edwards' mistake did not cause the default. Thus, the mandatory relief provision is not automatically applied. Because this was intentional, CCP 473 relief is not available for Defendant Edwards.

///

///

///

///

8. DEFENDANT WILLIAM EDWARDS HAS MISSED MANY A DEADLINE FOR PLAINTIFFS DHILLON ET AL, SUCH AS MISSING DISCOVERY RESPONSE DEADLINES ALLOWING SANCTIONS TO ACCRUE AGAINST PLAINTIFFS; DEFENDANT EDWARDS NON-RESPONSE LEADING TO DEFAULT IS ONLY ATTRIBUTABLE TO EDWARDS' NEGLIGENCE;

Section 473(b) provides that the "court shall, whenever relief is granted based on an attorney's affidavit of fault, direct the attorney to pay reasonable compensatory legal fees and costs to opposing counsel or parties." (See Solv-all v. Superior Court, 131 Cal.App.4th at p. 1009, fn. 7 [court must order reasonable compensatory legal fees].) Section 473, subdivision (c)(1) allows the trial court to impose sanctions upon an offending attorney or party and grant other appropriate relief.

Should the court find that the attorneys' fault, i.e., Defendant William Edwards' fault has caused the default and sets the default aside on this ground, then the court must award attorneys' fees to opposing counsel and Plaintiffs.

9. DEFENDANT WILLIAM EDWARDS CAN PARTICIPATE IN THE LITIGATION PROCESS – DISCOVERY, DEPOSITIONS, AND RELATED MOTION PRACTICE – THUS, DEFAULT MUST BE **TRAILED** TO THE TRIAL DATE;

Any conflict between the principle that the trial court's determination is presumed correct and the principle favoring a trial on the merits, should be resolved in favor of a trial on the merits. (Fasuyi v. Permatex, Inc. (2008) 167 Cal.App.4th 681, 703.)

The clerk's authority to enter a default is limited by the applicable statutes (Westpo r t Oil Co. v. Garrison (1971) 19 Cal.App.3d 974, 977–978, 97 Cal.Rptr. 287), which impose a ministerial duty on the clerk (Bristol Convalescent Hospital v. Stone (1968) 258 Cal.App.2d 848, 862, 66 Cal.Rptr. 404 (Bristol Convalescent Hospital )).

Defendant Edwards' motion does not allege extrinsic mistake. The three-part stringent formula for extrinsic mistake is not met. Defendant Edwards cannot state they have a meritorious case; did not articulate any satisfactory excuse for not defending the action timely ("waiting" is not such satisfactory excuse); the diligence was not met, because only waiting is considered strategic and intentional on the part of Defendant Edwards.

As explained in Ferraro v. Camarlinghi (2008) 161 Cal.App.4th 509, 528 at page 534, 75 Cal.Rptr.3d 19: "A clerk's entry of default ... reflects the clerk's performance of a series of quintessentially clerical tasks: ascertaining

that the request for default appears in order, confirming that the defendant's time to plead has elapsed, noting the absence of a responsive pleading by him, and signifying these facts by entering the default."

Here, the default entered against Defendant William Edwards is not void, because there was no error. The proof of service, and the amended proof of service properly and correctly state the documents personally served on Defendant Edwards timely. Thus, the clerk acted within the statutorily-conferred powers. (Schwab v. Southern California Gas Co. (2004) 114 Cal.App.4th 1308, 1320, 8 Cal.Rptr.3d 627; Bristol Convalescent Hospital, 258 Cal.App.2d 848, 66 Cal.Rptr. 404.)

Plaintiffs do not waive the incorrect filing of Defendant Edwards, i.e., "MOTION for DEFAULT JUDGMENT , MOTION to DISMISS for LACK of JURISDICTION by William Edwards. Attorney Edwards, William E added. (Edwards, William)." The Clerk/Court should have struck this immediately – yet it was not done yet.

The Default of Defendant William Edwards must be **TRAILED** to the trial date.

///

10. JURISDICTION IS SUFFICIENTLY ESTABLISHED WITH STATE ACTION WITH THE ATTORNEYS; AS WELL AS FEDERAL AMERICANS WITH DISABILITIES ACT. THUS, FEDERAL COURT IS THE **PROPER FORUM** TO LITIGATE ABOVE-CAPTIONED MATTTER;

The federal Americans with Disabilities Act (42 U.S.C. § 12101 et seq., hereinafter ADA) properly and sufficiently establishes federal subject-matter jurisdiction.

The ADA is the federal government's most recent and far-reaching effort to address discrimination against the disabled. Earlier efforts included the Rehabilitation Act of 1973, 29 United States Code section 701 *et seq*.. Since the ADA was designed to address indifference to or benign neglect of the plight of the disabled, outright intentional discrimination is not required under Title II of the ADA. Here, Pinder Singh who is a senior citizen, and is severely disabled, has suffered at the hands of Defendant William Edwards.

“To give federal courts exclusive jurisdiction over a federal cause of action, Congress must, in an exercise of its powers under the Supremacy

Clause, affirmatively divest State courts of their presumptively concurrent jurisdiction." (Yellow Freight System, Inc. v. Donnelly (1990) 494 U.S. 820, 823.)

Further, state action gives jurisdiction under Fourteenth Amendment of the United States of America Constitution. When a legal malpractice case "involves negligence in the prosecution or defense of a legal claim, the case-within-a-case method is appropriately employed. [Citation.] Thus, when a client seeks to recover damages for his [or her] attorney's negligence in the prosecution or defense of the client's claim, the client must prove that 'but for that negligence a better result could have been obtained in the underlying action. [Citation.] "An attorney malpractice action then, involves a suit within a suit, a reconsideration of the previous legal claim, and only by determining whether or not the original claim was good can proximate damages be determined." [Citation.] This trial within a trial avoids the specter that the damages claimed by a plaintiff are a matter of pure speculation and conjecture.' [Citation.]" (California State Auto. Assn. Inter-Ins. Bureau v.

Parichan, Renberg, Crossman & Harvey (2000) 84 Cal.App.4th 702, 710-711, disapproved on another ground in Viner v. Sweet (2003) 30 Cal.4th 1232, 1244.) In this case, there is state action where Defendant Edwards was the Kern County public defender, as well as has a sufficient conflict of interest with the state court. He should have not taken the cases – however, he continued even when he had knowledge of such conflict.

The question of “federal enclave jurisdiction" is an issue of federal question jurisdiction—i.e., whether a federal court possesses subject matter jurisdiction over a plaintiff's claims. (See, e.g., Celli v. Shoell (10th Cir. 1994) 40 F.3d 324, 328.) “Whether federal enclave jurisdiction, a form of federal question jurisdiction, exists is a complex question, resting on such factors as whether the federal government exercises exclusive, concurrent or proprietarial jurisdiction over the property, when the property became a federal enclave and what the state law was at that time, whether the law is consistent with federal policy, and whether it has been altered by national legislation. [Citations.]” (Ibid.).

In the instant matter, the federal ADA guidelines (applicable to senior-citizen Plaintiff Pinder Singh) under Title II have a sound basis in federal policy, and were bolstered under national legislation. Thus, there is federal jurisdiction for the case to be litigated in the federal courts

11. *ASSUMING ARGUENDO*, THE COURT FINDS THERE IS NO FEDERAL SUBJECT-MATTER JURISDICTION, THEN THIS COURT MUST REMAND THE MATTER TO STATE COURT RATHER THAN DISMISS.

Even where “federal enclave jurisdiction” exists, a state court may have concurrent subject matter jurisdiction. (See Taylor v. Lockheed Martin Corp. (2000) 78 Cal.App.4th 472, 486 [“We also note that this claim may be properly litigated in state court. State courts generally have subject matter jurisdiction over claims arising in federal enclaves within their borders. Under traditional choice of law principles, the state court is required to apply the enclave's law to such actions. [Citation]”].)

The matter must thus be remanded to the state court. Plaintiffs can bring the appropriate motion for the court to remand the matter to the state court. After an order of remand is entered by the federal district court, “jurisdiction is not returned to the state court until the district court clerk

mails a certified copy of the remand order to the clerk of the state court." (Spanair S.A. v. McDonnell Douglas Corp. (2009) 172 Cal.App.4th 348, 356.

In order for the outstanding state law issues to be resolved, the federal court must remand the case to the state court. (Carnegie-Mellon University v. Cohill (1988) 484 U.S. 343, 357 ["district court has discretion to remand to state court a removed case involving pendent claims"].)

**CONCLUSION**

Plaintiffs, thus, request this Court to deny the relief to set aside default of Defendant William Edwards. Further, Plaintiffs request that the federal subject-matter jurisdiction be properly found under the federal disability discrimination statutes, as well as state action under the Fourteenth Amendment. Alternatively, if the federal court does not find any federal subject-matter jurisdiction, then Plaintiffs request that the matter be remanded to state court.

///

///

///

///

///

///

*Respectfully submitted,*

**DATED: May 17, 2023,**

/S/ Reshma Kamath

**LAW OFFICE OF RESHMA KAMATH**
Reshma Kamath,
Counsel for RANDEEP SINGH DHILLON, an individual; PINDER SINGH, an individual; GURPREET SINGH, an individual; BALWINDER SINGH, an individual

**PROOF OF SERVICE**

F.R.C.P. 5 / C.C.P. § 1013(a)(3), C.C.P. § 1010.6(a)(6) / Cal. R. Ct. R. 2.260

I am employed in, the County of San Mateo, California. I am over the age of 18, and not a party to this action. My business address is: 700 El Camino Real, Suite 120, #1084, Menlo Park, California 94025, United States, and electronic-service address is reshmakamath2021@gmail.com. On May 17, 2023, I served the following document(s), by method(s) indicated below, on the parties in this action: *SEE ATTACHED SERVICE LIST*.

///

**OMNIBUS OPPOSITION TO THE MOTION TO SET ASIDE DEFAULT OF DEFENDANT WILLIAM EDWARDS; AND MOTION TO DISMISS**

///

**ELECTRONIC SERVICE**: In electronically transmitting courtesy copies of the document(s) listed above to the email address(es) of the person(s) set forth on the attached service list. To my knowledge, the transmission was reported as complete and without error, as per the electronic service agreement between all parties and their attorneys of record, herein.

///

**UNITED STATES MAIL SERVICE**: In enclosing the documents in a sealed envelope or package addressed to the persons at the addresses below in depositing the sealed envelope with the United States Postal Service, with the postage fully prepaid.

///

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct. Executed on the 17th day of May, 2023.

***/s/ Reshma Kamath***

**Reshma Kamath**

**SERVICE LIST**

WILLIAM EDWARDS, Defendant

168 H St, Bakersfield, CA 93304

E.: weejlaw@yahoo.com ; welawfirm@gmail.com ;

FORREST MILLER, Defendant

8021 Greenleaf Ave, Whittier, CA 90602

E.: forrestmiller@forrestmillerlaw.com