UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDEEP SINGH DHILLON, *et al.*, | Case No. 1:23-cv-00416-KES-CDB |
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS TO GRANT IN PART DEFENDANT WILLIAM EDWARDS' MOTION TO SET ASIDE ENTRY OF DEFAULT AND TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION |
| v. | |
| WILLIAM EDWARDS, *et al.* | |
| Defendants. | (Doc. 15) |
| | **14-DAY DEADLINE** |

Pending before the Court is Defendant William Edwards' ("Edwards") motion to set aside the entry of defaults and to dismiss for lack of subject matter jurisdiction, filed May 3, 2023.  (Doc. 15). Plaintiffs Randeep Singh Dhillon, Pinder Singh, Gurpreet Singh, and Balwinder Singh (hereinafter collectively "Plaintiffs") filed an opposition to the motion on May 17, 2023.  (Doc. 25).  That same day, Plaintiffs Pinder Singh and Randeep Singh Dhillon filed declarations in opposition to the motion. (Docs. 23-24).  For the reasons set forth herein, the Undersigned will recommend Defendant Edwards' motion to set aside entry of defaults and to dismiss for lack of subject matter jurisdiction be granted in part.

///

///

1

**Background**

On March 21, 2023, Plaintiffs initiated this action with the filing of a complaint against Defendants Edwards and Forrest Miller ("Miller"). (Doc. 1). Plaintiffs assert claims against Defendants for negligence, conversion, malpractice, financial elder abuse, racial discrimination, defamation-libel, defamation-slander *per se*, and disability discrimination. *Id*. at 1, 10-21. Plaintiffs allege the Court possesses subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1346(b)(1) because the claims arise under federal law and implicate the Fourteenth Amendment of the United States Constitution. *Id*. at 5.

On April 5, 2023, the Honorable District Judge Ana I. de Alba issued an order to show cause why Plaintiffs' action should not be dismissed for want of subject matter jurisdiction. (Doc. 5).[1] Judge de Alba determined Plaintiffs appeared to assert federal question jurisdiction by alleging violations of the Fourteenth Amendment. *Id*. at 1. Judge de Alba noted the Fourteenth Amendment does not itself provide for a private right of action. *Id*. Judge de Alba advised Plaintiffs if they intended to invoke 42 U.S.C. § 1983, they must allege state action, something that is not apparent on the face of the complaint. *Id*. Further, Judge de Alba admonished Plaintiffs that if they intend to invoke a different statute, they must identify it. *Id*. at 2. Plaintiffs were provided 14 days to file an amended complaint asserting the basis for subject matter jurisdiction in federal court. *Id*.

On April 10, 2023, Plaintiffs filed an executed proof of service of summons as to Defendant Edwards. (Doc. 6). On April 30, 2023, Plaintiffs filed a request for entry of default against Defendant Edwards. (Doc. 8). The Clerk of Court issued an entry of default against Mr. Edwards on May 1, 2023. (Doc. 9).

On May 2, 2023, Defendant Miller filed a motion to dismiss for lack of subject matter jurisdiction. (Doc. 11). On May 2, 2023, Plaintiffs filed an untimely response to Judge de Alba's April 5, 2023, order to show cause asserting the Court has subject matter jurisdiction. (Doc. 13). On

---

[1] On December 1, 2023, this matter was temporarily reassigned to no district court judge following the elevation of Judge de Alba to the Ninth Circuit Court of Appeals. (Doc. 31). On March 14, 2024, this matter was reassigned to U.S. District Judge Kirk E. Sherriff. (Doc. 33).

2

1   May 3, 2023, Defendant Miller filed a reply to the Court's order to show cause and Plaintiffs filed a
2   sur-reply. (Docs. 16-17).

3         That same day, Defendant Edwards filed the instant motion to set aside the entry of default and
4   to dismiss for lack of subject matter jurisdiction. (Doc. 15). In his motion, Defendant Edwards asserts
5   he did not purposefully fail to answer Plaintiffs' complaint. *Id*. at 2. Defendant Edwards claims he
6   was aware of the Court's April 4, 2023, order to show cause and believed the Court would dismiss
7   Plaintiffs' complaint when Plaintiffs failed to follow the Court's order. *Id*. Defendant Edwards argues
8   good cause exists to set aside the entry of default as he "mistakenly believed that the complaint would
9   be dismissed immediately." *Id*. at 3. Defendant Edwards notes he should have responded and filed a
10  motion for lack of jurisdiction and mistakenly did not. *Id*.

11        Further, Defendant Edwards contends there is no time limit for moving to set aside void
12  judgments and Plaintiffs have failed to demonstrate the Court has subject matter jurisdiction. *Id*. at 4-
13  5. Defendant Edwards asserts Plaintiffs' complaint fails to set forth any violation of federal law as it
14  relates to him, as a private person. *Id*. at 5. Defendant Edwards asks the court to set aside the entry of
15  default and to dismiss the case for lack of subject matter jurisdiction. *Id*. at 6.

16        On May 17, 2023, Plaintiffs filed an opposition to Defendant Edwards' motion. (Doc. 25).
17  Plaintiffs Pinder Singh and Randeep Singh Dhillon also filed declarations in opposition to Defendant
18  Edwards' motion. (Docs. 23-24).

19        Plaintiffs argue Defendant Edwards has failed to meet the burden of establishing excusable
20  neglect and reasonable diligence under California Code of Civil Procedure § 473. (Doc. 25 at 2, 16-
21  17. Plaintiffs contend that this court has subject matter jurisdiction. *Id*. at 10. Next, Plaintiffs argue
22  Defendant Edwards could have emailed Plaintiffs' counsel for an extension but failed to do so. *Id*.
23  Plaintiffs' counsel claims she would gladly have stipulated to extending any kind of responsive
24  pleading deadline. *Id*. at 10-11. Plaintiffs also claim Defendant Edwards "did not meet-and-confer
25  that he was waiting on any kind of amended complaint." *Id*. at 11. Plaintiffs claim they will be
26  prejudiced if the default is set aside. *Id*.

27        Next, Plaintiffs note Defendant Edwards was personally served the summons, complaint, and
28  related case-initiating documents, had sufficient notice of the lawsuit, and was aware of the lawsuit.

*Id*. at 12-15.  Plaintiffs also allege Defendant Edwards missed many deadlines in a different case and his present non-response leading to default is only attributable to his negligence.  *Id*. at 18.  Plaintiffs argue that the "default must be trailed to the trial date" [*sic*].  *Id*. at 19-20.

Separately, Plaintiffs assert subject matter jurisdiction has been established in this case.  *Id*. at 21.  Specifically, Plaintiffs argue the Court has jurisdiction under the Americans with Disabilities Act ("ADA") because Plaintiff Pinder Singh is a senior citizen, severely disabled, and "has suffered at the hands of Defendant [Edwards]."  *Id*.  Plaintiffs argue Defendants' "state action" gives rise to jurisdiction under the Fourteenth Amendment.  *Id*. at 22.  Plaintiffs claim "Defendant Edwards was the Kern County public defender, as well as has a sufficient conflict of interest with the state court.  He should have not taken the cases—however, he continued even when he had knowledge of such conflict."  *Id*. at 23.  Plaintiffs argue if the Court finds no federal subject matter jurisdiction, then this matter must be remanded to the state court.  *Id*.[2]

**Legal Standard**

A clerk's entry of default may be set aside for "good cause."  Fed. R. Civ. P. 55(c).  "To determine 'good cause,' a court must 'consider three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice the other party."  *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).  Although the "good cause" standard is the same that applies to motions to set aside default judgment under Rule 60(b), "the test is more liberally applied in the Rule 55(c) context."  *Id*. at 1091 n.1 (internal quotations and citations omitted); *see Brady v. United States*, 211 F.3d 499, 504 (9th Cir.

---

[2] Plaintiffs' request for remand is without merit.  Federal courts may only issue an order to remand "[i]n any case removed from a State court…"  28 U.S.C. § 1447(a); *See Ngoc Lam Che v. San Jose/Evergreen Cmty. College. Dist. Found.*, No. 17-cv-00381-BLF, 2017 WL 2954647, at *3 (N.D. Cal. July 11, 2017) ("As an initial matter, this Court could not remand Che's state law claim even if it were to dismiss Che's ADA claim, because this action was originally filed in federal court."); *Fuse v. Ariz. Bd. of Regents*, No. CV 07-2351-PHX-FJM, 2009 WL 837645, at *1 (D. Ariz. Mar. 27, 2009) ("[W]e cannot remand plaintiff's claims to state court because this action was originally filed in federal court.").  Here, Plaintiffs initiated this action by filing a complaint in federal court.  (Doc. 1).  This case was not removed by Defendants to this Court.  Therefore, this Court lacks the authority to remand the case to state court.

2000) (finding the district court's discretion is "especially broad" when setting aside entry of default, rather than default judgment).

**Discussion**

1. Culpable Conduct

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Mesle*, 615 F.3d at 1092 (emphasis in original) (quoting *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001)). "Intentional" conduct in this sense means "willful, deliberate, or…[in] bad faith," rather than neglectful. *TCI Grp.*, 244 F.3d at 697-98. A "[n]eglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process is not 'intentional.'" *Id*. at 697.

The Undersigned finds Defendant Edwards' explanation of events (*supra* 3) constitutes at most neglectful conduct. On April 5, 2023, the Court recognized Plaintiffs had failed to adequately plead subject matter jurisdiction. (Doc 5). The Court provided Plaintiffs fourteen days to file an amended complaint asserting the basis for subject matter jurisdiction in federal court. *Id*. at 2. The Court warned Plaintiffs if they failed to file an amended complaint, the Court would dismiss this action for lack of jurisdiction without further notice. *Id*. Plaintiffs did not timely respond to the Court's order to show cause. *See generally* (Doc.). Therefore, it was reasonable for Defendant Edwards to believe that the Court would have dismissed the complaint following Plaintiffs' failure to follow the Court's orders before his response was due. Accordingly, this factor weighs in favor of setting aside the entry of default.

2. Meritorious Defense

In order to have an entry of default set aside, a defendant must also present specific facts that would constitute a meritorious defense. *TCI Grp.*, 244 F.3d at 700. However, the burden on defendant is not extraordinarily heavy. *Id*. Indeed, a defense is considered meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Haw v. Carpenters' Tr. Funds v. Stone*, 794 F.3d 508, 513 (9th Cir. 1986).

Defendant Edwards argues he has a meritorious defense as Plaintiffs' complaint fails to invoke subject matter jurisdiction and identify any controversy arising under federal law as it relates to a private individual.  (Doc. 15 at 5).

As discussed above, Plaintiffs contend this Court has jurisdiction through the ADA and under the Fourteenth Amendment because of Defendant Edwards' "state action."  (Doc. 25 at 21-24). Plaintiffs' argument on this point is without merit because they have not pleaded a claim under the ADA in their operative complaint.  *See generally* (Doc. 1).  In fact, Plaintiffs' complaint makes no mention of the ADA.  *Id.*

Likewise, Plaintiffs' claim under the Fourteenth Amendment also fails.  Plaintiffs attempt to argue that, at some point, Defendant Edwards was the Kern County public defender and "he has a sufficient conflict of interest with the state court." (Doc. 25 at 23).  Plaintiffs appear to claim Defendant Edwards' alleged malpractice was in essence state action.  *Id*. at 22-23.  However, none of these claims appear in Plaintiffs' complaint (*see* Doc. 1).  *See also* (Doc. 5 at 1) ("If Plaintiffs intend to invoke 42 U.S.C. § 1983, they must allege state action, something that is not apparent on the face of the complaint as filed."); *Garnier v. O'Connor-Ratcliff*, 41 F.4th 1158, 1169 (9th Cir. 2022). Therefore, the Undersigned finds that Defendant Edwards has presented a meritorious defense to this action and that this factor weighs in favor of setting aside the entry of default.

3. Prejudice

"To be prejudicial, the setting aside of an entry of default must result in greater harm than simply delaying the resolution of the case." *TCI Grp.*, 244 F.3d at 701 (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)); *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433-34 (6th Cir. 1996). "Merely being forced to litigate on the merits cannot be considered prejudicial" for purposes of setting aside the default.  *Id*.  Rather, the standard is "whether [a plaintiff's] ability to pursue his claim will be hindered."  *Falk*, 739 F.2d at 463; *see Thompson*, 95 F.3d at 433-34 (to be considered prejudicial, "the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion").

Here, Plaintiffs have failed to identify any prejudice if the entry of default is set aside beyond the conclusory statement that granting Defendant Edwards relief "will prejudice Plaintiffs."  (Doc. 25

at 11). Moreover, the Undersigned can find no prejudice to Plaintiffs when the operative complaint fails to demonstrate subject matter jurisdiction. Thus, the Undersigned finds this final factor also weighs in favor of setting aside the entry of default.

Separately, Defendant Edwards asks the Court to dismiss this case for lack of subject-matter jurisdiction. (Doc. 15 at 6). However, this request was not properly noticed before the assigned district judge as required under the Eastern District of California Local Rule 230(b). E.D. Cal. L.R. 230(b) ("Except as otherwise provided in these Rules or as ordered or allowed by the Court, all motions shall be noticed on the motion calendar of the assigned Judge or Magistrate Judge."). The Undersigned will recommend that Defendant Edwards' request to dismiss this action be denied without prejudice, subject to refiling in compliance with this Court's Local Rules, noting that the issue of subject-matter jurisdiction is already before the assigned district judge. (Docs. 5, 11).

**Conclusion and Recommendations**

For the reasons discussed above, the Undersigned RECOMMENDS that Defendant Edwards' motion to set aside default and to dismiss for lack of subject matter jurisdiction (Doc. 15) be GRANTED IN PART to the following extent:

i. The motion is GRANTED to the extent of setting aside the Clerk's entry of default (Doc. 9); and

ii. The motion is DENIED WITHOUT PREJUDICE as to Defendant Edwards' request that this action be dismissed for lack of subject matter jurisdiction.

*Remainder of This Page Intentionally Left Blank*

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, Plaintiffs may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to timely file objections may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 3, 2024**

UNITED STATES MAGISTRATE JUDGE

8