William Edwards, (SBN: 237587)
**WILLIAM EDWARDS LAW**
168 H Street
Bakersfield, CA 93304
Tel: (661) 324-0111
Fax: (661) 326-8984
Email: weejlaw@yahoo.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| RANDEEP SINGH DHILLON, an individual; PINDER SINGH, and individual; GURPREET SINGH, an individual; BALWINDER SINGH, and individual,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM EDWARDS, a California lawyer; FORREST MILLER, a California lawyer; and does 1-10, inclusive.<br><br>Defendant. | **CASE NO.1:23-cv-00416-ADA-CDB**<br><br>**MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO12(B)(1)**<br><br>**Time: 10:30 a.m.**<br>**Date: November 12, 2024**<br>**Dept.: CDB** |

## 1. INTRODUCTION

Defendant William Edwards ("Defendant or Edwards") respectfully seeks an order to dismiss Plaintiffs case pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction.

After several attempts by Randeep Singh Dhillon, Gurpreet Singh, and Balwinder Singh hereafter ("Plaintiffs") to set forth a federal question on the face of their complaint, no federal question has been set forth. Therefore, the case should be dismissed for lack of subject matter jurisdiction.

## II. FACTS

On March 21, 2023, Plaintiffs filed a complaint against Edwards. Plaintiffs asserted claims against Edwards for negligence, conversion, malpractice, financial elder abuse, racial discrimination, defamation-libel, slander per se, and disability discrimination.

Plaintiffs allege that the Court had subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1346(b)(1) because the claims arise under federal law and implicate the Fourteenth Amendment of the United States Constitution, thus court has federal question jurisdiction.

On April 5, 2023, the Eastern District of California set an "Order to show Cause" for want of jurisdiction due to Plaintiffs failure to allege (state action) which is necessary to invoke subject matter jurisdiction under the Fourteenth Amendment.

Plaintiffs were given fourteen (14) days from the date of signature to amend their complaint and set forth a federal question that would appear on the face of Plaintiffs Complaint. Thereafter, Plaintiffs amended its complaint that included the Americas with Disabilities Act ("ADA") because Plaintiff, Pinder Singh, is a senior citizen who is severely disabled, Pinder Singh has suffered at the hands of Edwards, and again argues that Defendants is subject to jurisdiction under the Fourteenth Amendment.

Plaintiffs argue that Edwards "was" a public defender (Edwards has never worked for the public defender's office). Moreover, Plaintiff is not suing in a public defender capacity because Edwards is a private actor. As such, Plaintiffs contention that this Court has jurisdiction through the ADA and under the Fourteenth Amendment without any state action is inadequately pleaded to support subject matter jurisdiction. Hence, no federal question jurisdiction exists. Therefore, Edwards is requesting that Plaintiffs and each of their complaints be dismissed for lack of subject matter jurisdiction.

Plaintiffs should not be allowed to amend its complaint and file any further documents against Edwards.

## III. ARGUMENT

### A. To Invoke Federal Subject Matter Jurisdiction, the Plaintiffs Must Aver Subject Matter Jurisdiction in its Complaint.

Federal district courts are "courts of limited jurisdiction," possessing "only that power authorized by the Constitution and statute." Exxon Mobil Corp. v. Allopattah Servs., Inc., 545 U.S. 546, 552 (2005). If a federal court determines that it lacks subject-matter jurisdiction at any time during a dispute, the court must dismiss the action. See Fed. R. Civ. P. 12(h)(3). The party invoking jurisdiction must allege facts that establish the court's subject-matter jurisdiction.

In this case, Plaintiffs were given multiple opportunities to amend their complaint to include a federal question on the face of its complaint under the well pleaded complaint rule. It appears that Plaintiffs are trying to invoke federal question jurisdiction through avenues that simply do not exist under a federal question jurisdiction.

Federal question jurisdiction provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, (1987).

In order for a claim to arise under "federal law for 28 U.S.C. §1331 purposes, "the plaintiff's statement of his own cause of action [must show] that it is based upon federal law" to satisfy the well-pleaded complaint rule. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). A case is said to be within a United States District Court's original jurisdiction if its claims are based on either federal question or diversity jurisdiction. *Id*. at 65.

To conclude, Plaintiffs have failed on multiple occasions to show any federal questions exist on the face of its complaint that gave rise to this challenge of subject matter jurisdiction.

B. **The Plaintiffs' Complaint Failed to Invoke Federal Jurisdiction as it related to Defendant Edwards under the Fourteenth Amendment.**

Plaintiffs' complaint failed to plead any claims arising under federal law, treaty, or the United States Constitution as it relates to defendant, Edwards (being a state actor) who allegedly violated the Fourteenth Amendment ADA Act. For Edwards to violate any Fourteenth Amendment actions, Edwards must be a government actor. However, Edwards is a private individual. Plaintiffs' complaint is totally lacking in allegations that Edwards violated federal law as a government actor or any other federal law that would apply to Edwards. Only governmental actors can violate the Fourteenth Amendment and not a private person.

The general assertion of federal question jurisdiction and the fact that Edwards is a private individual and not a governmental actor for the purpose of the Fourteenth Amendment is not sufficient to invoke federal question jurisdiction. The *only* thing that Plaintiffs' complaint *does* say is that "[t]he Court has jurisdiction over the subject matter of this complaint under 28 U.S.C. §1331 (Federal Questions), and §1346(b)(1).

"The presence or absence of federal-question jurisdiction as it relates to defendant as an individual and not a government entity is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc*., 482 U.S. at 392.

Nowhere in Plaintiffs' complaint does Plaintiffs identify any controversy arising under federal law as it related to a private individual.

Therefore, this Court does not have subject matter jurisdiction over any claims alleged against Edwards because Plaintiffs have not set forth any violations of federal law as it relates to Edwards as a private person and invoking federal question jurisdiction that is required under all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331.

**CONCLUSION**

Defendant. Edwards respectfully seeks for the court to dismiss this case for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Edwards request is Respectfully submitted this 19th day of September 2024.

/s/ William Edwards, Esq.
Defendant

**CERTIFICATE OF SERVICE**

I, Ameenah Shaheed, declare as follows:

1. I am now and at all times herein mentioned a legal and permanent resident of the United States and the State of California, over the age of eighteen years, not a party to the above-entitled action, and competent to testify as a witness.

2. I am employed with the law firm of William Edwards Corporation, 168 H Street Bakersfield, CA

3. Today I served the foregoing document via the court's CM/ECF system to all counsel of record. The foregoing statement is made under penalty of perjury and under the laws of the State of California and is true and correct. Signed at Bakersfield, California, this 19th day of September 2024.

s/Ameenah Shaheed