UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDEEP SINGH DHILLON, *et al*.<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM EDWARDS, *et al*.<br><br>Defendants. | Case No. 1:23-cv-00416-KES-CDB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DIRECTING THE CLERK OF THE COURT TO DENY PLAINTIFFS' APPLICATION FOR THE REQUEST FOR ENTRY OF DEFAULT AGAINST DEFENDANT FORREST MILLER<br><br>Doc. 10, 15, 35 |

Plaintiffs Randeep Singh Dhillon, Pinder Singh, Gurpreet Singh, and Balwinder Singh ("Plaintiffs") initiated this action against Defendants William Edwards ("Edwards") and Forrest Miller on March 20, 2023. Doc. 1. On April 5, 2023, the court sua sponte issued an order to show cause why plaintiffs' action should not be dismissed for lack of subject matter jurisdiction. Doc. 5. In the order, the court stated that it determined plaintiffs appeared to assert federal question jurisdiction by alleging violations of the Fourteenth Amendment and noted the Fourteenth Amendment does not itself provide for a private right of action. *Id*. at 1. The order advised plaintiffs that "[i]f [they] intend to invoke 42 U.S.C. § 1983, they must allege state action, something that is not apparent on the face of the complaint." *Id*. Further, the court admonished plaintiffs that if they intend to invoke a different statute, they must identify it. *Id*. at 2.

Plaintiffs were ordered to file an amended complaint asserting the basis for federal subject matter jurisdiction within 14 days of the order or the action would be dismissed for lack of jurisdiction. *Id*. On April 10, 2023, plaintiffs filed an executed proof of service of summons as to defendant Edwards. Doc. 6. On April 30, 2023, plaintiffs filed a request for entry of default against Edwards. Doc. 8. The Clerk of the Court entered default against Edwards on May 1, 2023. Doc. 9.

On May 2, 2023, plaintiffs filed an untimely response to the court's April 5, 2023 order to show cause asserting the court has subject matter jurisdiction. Doc. 13. This response did not include an amended complaint as required by the order. *See id.* On May 3, 2023, Miller filed a reply to the response, and plaintiffs filed a notice that plaintiffs would like to file a sur-reply, which contained at least some of the arguments they would include. Docs. 16, 17.

That same day, Edwards filed the instant motion to set aside the entry of default and to dismiss for lack of subject matter jurisdiction. Doc. 15. In his motion, Edwards asserts he did not purposefully fail to answer plaintiffs' complaint. *Id*. at 2. Rather, Edwards claims he was aware of the court's April 4, 2023 order to show cause and believed the court would dismiss plaintiffs' complaint when plaintiffs failed to follow the court's order. *Id*. Edwards argues good cause exists to set aside the entry of default as he "mistakenly believed that the complaint would be dismissed immediately." *Id*. at 3. On May 17, 2023, plaintiffs filed an opposition to Edwards' motion. Doc. 25. Plaintiffs Singh and Dhillon also filed declarations in opposition to Edwards' motion. Docs. 23, 24.

On July 3, 2024, the assigned magistrate judge issued findings and recommendations to grant in part Edwards' motion to set aside the entry of default and to dismiss for lack of subject matter jurisdiction. Doc. 35. The assigned magistrate judge found Edwards had exhibited good cause to set aside the entry of default. *Id*. at 5-7. Separately, the assigned magistrate judge determined Edwards' request to dismiss the case for lack of subject matter jurisdiction was not properly noticed before the assigned district judge as required under the Eastern District of California Local Rule 230(b). *Id*. at 7. The assigned magistrate judge recommended Defendant

1  Edwards' request to dismiss this action be denied without prejudice, subject to refiling in
2  compliance with the court's Local Rules.  *Id*.
3        The findings and recommendations advised plaintiffs that they must file any objections
4  within 14 days after service of the order and that the "[f]ailure to timely file objections may result
5  in the waiver of rights on appeal."  *Id*. at 8 (citations omitted).  Plaintiffs have not filed any
6  objections, and the time to do so has expired.
7        Pursuant to 28 U.S.C. § 636(b)(1)(C), the court conducted a de novo review of this case.
8  Having carefully reviewed the entire matter, the court concludes that the findings and
9  recommendations are supported by the record and proper analysis.
10       Additionally, despite defendant Forrest Miller's late appearance in the case, for the same
11 reasons outlined in the findings and recommendations to set aside the entry of default against
12 defendant Edwards, an entry of default against defendant Miller would also be improper.
13 Therefore, the court directs the Clerk of the Court to deny plaintiffs' application for the request
14 for the entry default against defendant Forrest Miller.  Doc. 10.
15       Accordingly, IT IS HEREBY ORDERED:
16       1. The findings and recommendations issued on July 3, 2024, Doc. 35, are ADOPTED
17          IN FULL;
18       2. Defendant Edwards' motion, Doc. 15, is GRANTED to the extent of setting aside the
19          entry of default (Doc. 9), and is otherwise DENIED WITHOUT PREJUDICE based
20          on the grounds set forth in the findings and recommendations; and
21       3. The Clerk of the Court is also DIRECTED to deny plaintiffs' application for the
22          request for entry of default against defendant Forrest Miller.  Doc. 10.

25 IT IS SO ORDERED.
26    Dated:   September 30, 2024
                                                        UNITED STATES DISTRICT JUDGE