1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    RANDEEP SINGH DHILLON, et al.,          No.  1:23-cv-000416-KES-CBD

12                Plaintiffs,                  ORDER GRANTING DEFENDANT
                                               MILLER'S MOTION TO DISMISS AND
13          v.                                 DISMISSING FIRST AMENDED
                                               COMPLAINT WITHOUT LEAVE TO
14    WILLIAM EDWARDS, et al.,                 AMEND

15                Defendants.                  Doc. 11

16

17          Plaintiffs Randeep Singh Dhillon, Pinder Singh, Gurpreet Singh, and Balwinder Singh

18    proceed in this civil action against defendants William Edwards and Forrest Miller alleging

19    negligence, conversion, legal malpractice, elder financial abuse, defamation, and racial and

20    disability discrimination in violation of the Fourteenth Amendment.  Doc. 1.  Miller moves to

21    dismiss this matter for lack of subject matter jurisdiction, asserting that plaintiffs have not

22    adequately demonstrated that the Court has federal question jurisdiction over this matter.[1]

23    Doc. 11.  Because the Court lacks subject matter jurisdiction, Miller's motion to dismiss is

24    granted, and the complaint is dismissed.[2]  Because plaintiffs have already been given an

25    ─────────────────────
      [1] Plaintiffs do not claim that the Court has diversity jurisdiction over this action.  *See generally*
26    Docs. 1, 13, 14.

27    [2] Though Miller moves for dismissal only as to himself, the Court also lacks subject matter
      jurisdiction over the claims against defendant Edwards for the same reasons it lacks subject
28    matter jurisdiction over the claims against Miller.  Therefore, the matter is dismissed in its

                                                1

1  opportunity to amend, and further amendment appears futile, the complaint is dismissed without

2  further leave to amend.

3  **I.      BACKGROUND**[3]

4        Plaintiffs' complaint lists eight causes of action: "Negligence," "Conversion,"

5  "Malpractice," "Financial Elder Abuse" (on behalf of plaintiff Pinder Singh only), "Racial

6  Discrimination – Violation of the United States Constitution Fourteenth Amendment,"

7  "Defamation – Libel," "Defamation – Slander Per Se," and "Disability Discrimination –

8  Violation of the United States Constitution Fourteenth Amendment."  Doc. 1 at 10, 12–13, 15–18,

9  20.  In essence, plaintiffs allege they retained defendants as legal counsel in several cases and

10  that, through various actions and inactions, defendants committed legal malpractice that is the

11  basis for plaintiffs' various causes of action.  *See generally* Doc. 1.  The complaint states that

12  "[t]his Court has original subject matter jurisdiction over the federal claims under 28 U.S.C.

13  §§ 1331 and 1346(b)(1), because they arise under federal law and have the [F]ourteenth

14  [A]mendment of the United States Constitution implicated."  Doc. 1 ¶ 12.[4]

15        On April 5, 2023, the Court issued an order to show cause why the case should not be

16  dismissed for lack of subject matter jurisdiction.  Doc. 5.  The order noted that plaintiffs appeared

17  to assert federal question jurisdiction by alleging violations of the Fourteenth Amendment.  *Id.*

18  at 1 (citing Doc. 1 at 16–17, 20–21).  It further stated:  "The Fourteenth Amendment, however,

19  does not itself provide for a private right of action; Plaintiffs must point to an appropriate statute

20  that does.  If Plaintiffs intend to invoke 42 U.S.C. § 1983, they must allege state action,

21  something that is not apparent on the face of the complaint as filed.  If Plaintiffs intend to invoke

22
23  entirely.  *See, e.g, Allen v. Santa Clara Cnty. Corr. Peace Officers Ass'n*, 400 F. Supp. 3d 998,
   1001 (E.D. Cal. 2019) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)) (court
24  has sua sponte duty to confirm that it has subject matter jurisdiction over case on its docket).

25  [3] The Court presumes the factual allegations in the complaint to be true for purposes of evaluating
   the motion to dismiss.  *See Murguia v. Langdon*, 61 F.4th 1096, 1106 (9th Cir. 2023).

26
27  [4] Plaintiffs also filed a civil cover sheet on March 20, 2023, on which they indicated the basis for
   this Court's jurisdiction was federal question jurisdiction and the "U.S. Civil Statute under which
   [they] are filing" as "Fourteenth Amendment; Disability Discrimination; Racial Discrimination."
28  Doc. 2.

1   a different statute, they must identify it as this responsibility is not one that the Court will

2   assume." *Id.* (internal citations omitted).  The Court ordered plaintiffs to file an amended

3   complaint asserting the basis for subject matter jurisdiction within fourteen days and indicated

4   that, if plaintiffs failed to do so, the Court would dismiss the action for lack of jurisdiction

5   without further notice. *Id.* at 2.

6       On April 30, 2023, plaintiffs filed a request for an entry of default against Edwards.

7   Doc. 8.  On May 1, 2023, the Clerk of Court entered default against Edwards.  Doc. 9.  On May 2,

8   2023, plaintiffs filed a request for default against Miller.  Doc. 10.  The same day, Miller moved

9   to dismiss the action for lack of subject matter jurisdiction.  Doc. 11.  Also on May 2, 2023,

10  plaintiffs filed an untimely response to the Court's April 5, 2023 order to show cause.  Doc. 13.

11  Plaintiffs did not file an amended complaint as required by the order.  Rather, plaintiffs argued

12  that their complaint sufficiently alleged subject matter jurisdiction, noting that they "chose not to

13  amend [their complaint], and [to] rest on the prior complaint filed." *See id.* at 10.  Plaintiffs also

14  filed an opposition on May 2, 2023 to Miller's motion to dismiss.[5]  Doc. 14.  On May 3, 2023,

15  Miller filed a reply addressing plaintiffs' response to the order to show cause and plaintiffs'

16  opposition to his motion to dismiss.[6]  Doc. 16.  The same day, Edwards filed a motion to set aside

17  the entry of default and to dismiss for lack of subject matter jurisdiction.  Doc. 15.  Plaintiffs

18  opposed Edwards' motion.  Doc. 25.  On May 10, 2023, plaintiffs filed an amended civil cover

19  sheet, indicating that the basis for subject matter jurisdiction is federal question jurisdiction and

20  that the "U.S. Civil Statute under which [they] are filing" is "Fourteenth Amendment; *Federal*

21  *American With Disabilities Act (Disability Discrimination)*; Racial Discrimination."  Doc. 20

22  (emphasis added).

23

24  [5] Plaintiffs' opposition to the motion to dismiss and plaintiffs' untimely response to the Court's
    April 5, 2023 order to show cause are nearly identical; the opposition contains one additional
25  sentence stating that a table of contents and authorities are not required.  *See* Docs. 13, 14.

26  [6] Plaintiffs subsequently filed a request to file a sur-reply to respond to Miller's reply.  Doc. 17.
27  To the extent Miller's reply brief raised any new arguments, *see* Doc. 16, the Court does not rely
    on them in this Order.  Thus, no sur-reply is warranted and plaintiffs' request to file a sur-reply is
28  denied.

On July 3, 2024, the assigned magistrate judge issued findings and recommendations recommending setting aside the entry of default against Edwards. Doc. 35. As to Edwards' request to dismiss the matter for lack of subject matter jurisdiction, the magistrate judge noted that any motion to dismiss would need to be noticed before the assigned district judge pursuant to Local Rule 230(b) and therefore recommended that his request to dismiss be denied without prejudice, subject to refiling in compliance with the Court's Local Rules. *Id.* On September 19, 2024, Edwards filed another motion to dismiss, again noticed before the assigned magistrate judge. Doc. 37. On September 20, 2024, the assigned magistrate judge noted that the motion was incorrectly noticed for hearing before the magistrate judge, vacated the hearing, and "referred [Edwards] to the assigned district judge's standing order." Doc. 38. The motion was ultimately denied without prejudice for failure to comply with the Court's standing order. Doc. 39. On September 30, 2024, the Court adopted the findings and recommendations issued July 3, 2024, set aside the entry of default against Edwards, and denied plaintiffs' request for the entry of default against Miller. Doc. 40 at 3.

Miller's motion to dismiss for lack of subject matter jurisdiction remains pending before the Court. Doc. 11.

**II**. **LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 257 (2013) (cleaned up). A court must presume "that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (internal citations omitted). When the party asserting jurisdiction cannot meet that burden, "the court must dismiss the complaint." *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). "[D]istrict courts . . . have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. "A claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is 'immaterial and

4

1  made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'"

2  *Arbaugh*, 546 U.S. at 513 n.10.

3      A defendant may move to dismiss a complaint for lack of subject matter jurisdiction under

4  Federal Rule of Civil Procedure 12(b)(1).  Fed. R. Civ. P. 12(b)(1).  A Rule 12(b)(1) attack on

5  subject matter jurisdiction may be facial or factual.  *Safe Air for Everyone*, 373 F.3d at 1039.  "In

6  a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient

7  on their face to invoke federal jurisdiction."  *Id.*  When resolving a facial attack on jurisdiction,

8  "[a] presumption of truthfulness attaches to the [factual] allegations in the complaint, and the

9  court is limited to the four corners of the pleading in determining whether it has jurisdiction over

10  the matter."  *Sywula v. Teleport Mobility, Inc.*, 652 F. Supp. 3d 1195, 1208 (S.D. Cal. 2023)

11  (citing Thornhill Publ'g Co. v. Gen. Tel. Elec., 594 F.2d 730, 733 (9th Cir. 1979); *see also, e.g.*,

12  *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009) (court must assume plaintiff's factual

13  allegations to be true and draw all reasonable inferences in his favor).  The court, however, does

14  not accept the "truth of *legal* conclusions merely because they are cast in the form of factual

15  allegations."  *Doe*, 557 F.3d at 1073 (citations omitted).

16  **III.    ANALYSIS**

17      Miller facially attacks this Court's subject matter jurisdiction over plaintiffs' complaint,

18  arguing that the Fourteenth Amendment does not provide a direct cause of action and that

19  plaintiffs do not and cannot allege state action as required to bring a Fourteenth Amendment

20  claim under 28 U.S.C. § 1983.  *See* Doc. 11-1 at 2–3.

21      Plaintiffs argue that that the Court has subject matter jurisdiction pursuant to § 1331

22  because plaintiffs bring claims arising under the Americans with Disabilities Act (the "ADA"), 42

23  U.S.C. § 12101 *et seq.*[7]  Doc. 13 at 2–3; Doc. 14 at 2–3.  Plaintiffs acknowledge that their

24  _____

25  [7] While plaintiffs' complaint also asserts that this Court has jurisdiction pursuant to 28 U.S.C.
    § 1346(b), Doc. 1 ¶ 12, plaintiffs do not argue in their opposition to the motion to dismiss or in
26  their response to the Court's order to show cause that subject matter jurisdiction is proper
    pursuant to § 1346(b).  *See generally* Docs. 13, 14.  Regardless, § 1346(b) does not provide any
27  basis for subject matter jurisdiction in this case.  Section 1346(b) provides that "the district courts
    . . . shall have exclusive jurisdiction of civil actions on claims against the United States . . . for
28  money damages . . . caused by the negligent or wrongful act or omission of any employee of the

1  complaint does not make any reference to the ADA.  Doc. 13 at 3; Doc. 14 at 3.  They

2  nonetheless assert that their original civil cover sheet and their amended cover sheet, which list

3  "Fourteenth Amendment; Racial Discrimination; Disability Discrimination" and "Fourteenth

4  Amendment; Federal American With Disabilities Act (Disability Discrimination)"); Racial

5  Discrimination" as the bases for jurisdiction, respectively, are sufficient to invoke this Court's

6  jurisdiction.  Doc. 13 at 2; Doc. 14 at 2; *see also* Docs. 2, 20.  They also argue that their

7  complaint need not mention the ADA.  They contend that the complaint contains sufficient

8  factual allegations to sustain a claim under the ADA and, therefore, sufficiently alleges federal

9  question jurisdiction.  Doc. 13 at 3; Doc. 14 at 3.  Finally, plaintiffs assert that their complaint

10  adequately alleges state action for purposes of § 1983.[8]  Doc. 13 at 3–10; Doc. 14 at 4–11.

11       First, plaintiffs' civil cover sheets do not establish federal subject matter jurisdiction.  *See*

12  Docs. 2, 20.  "Th[e] requirement [to file a civil cover sheet] is solely for administrative purposes,

13  and matters appearing only on the civil cover sheet have no cognizable effect in the action."

14  Local Rule 200.  The civil cover sheet says as much:  "Th[is] civil cover sheet and the

15  information contained herein neither replace nor supplement the filing and service of pleadings or

16  other papers as required by law."  *See* Docs. 2, 20.  The cover sheet cannot "supplement" the

17  complaint to provide a basis for subject matter jurisdiction; it must be apparent from the face of

18  *the complaint* that this Court has subject matter jurisdiction.  *See, e.g.*, *Safe Air for Everyone*, 373

19  F.3d at 1039; *see also Sywula v. Teleport Mobility, Inc.*, 652 F. Supp. 3d 1195, 1208 (S.D. Cal.

20  2023) ("court is limited to the four corners of the pleading in determining whether it has

21  jurisdiction over the matter" for facial attack); Fed. R. Civ. P. 8(a) ("[a] *pleading* . . . must contain

22  a short and plain statement of the grounds for the court's jurisdiction") (emphasis added).

23

24  [United States] while acting within the scope of his office or employment."  28 U.S.C. § 1346(b).
   Plaintiffs do not allege that any defendant was an employee of the United States at any time
25  relevant to the allegations in this case.  *See generally* Doc. 1.

26
   [8] Plaintiffs must demonstrate state action for this Court to have federal question jurisdiction under
27  § 1983 over their Fourteenth Amendment claims.  *See Azul-Pacifico, Inc. v. City of Los Angeles*,
   973 F.2d 704, 705 (9th Cir. 1992); *MetroPCS Inc. v. City and Cnty. of S.F.*, No. C02-3442 PJH,
28  2005 WL 1692631, at *2 (N.D. Cal. Jul. 15, 2005).

1    Second, plaintiffs' complaint fails to state an ADA claim.  While a plaintiff's "failure to

2    allege specifically the statute conferring jurisdiction is not always fatal to an action," the

3    complaint must make plain by its factual allegations that it intends to invoke that statute.  *Mir v.*

4    *Fosburg*, 646 F.2d 342, 346–47 (9th Cir. 1980); *see also Whitner v. Davis*, 410 F.2d 24, 28 n.3

5    (9th Cir. 1969) (where complaint "plainly indicates" plaintiff intends to invoke certain statute,

6    failure to cite statute in complaint "is of no consequence").

7    Plaintiffs' complaint does not plainly indicate that it intends to invoke the ADA.  Indeed,

8    the complaint demonstrates the opposite.  The complaint lists eight causes of action by name and

9    asserted legal basis.  *See* Doc. 1.  None of the claims are under the ADA.  *See generally* Doc. 1.

10   Plaintiffs' cause of action regarding disability discrimination, which they now contend sets forth

11   their ADA claim, specifically states that the cause of action is brought under the Fourteenth

12   Amendment.  *See* Doc. 1 at 20 ("Eighth Cause of Action[:] Disability Discrimination – Violation

13   of the United States Constitution Fourteenth Amendment); Doc. 1 ¶ 76 ("This [alleged conduct]

14   is a violation of the Fourteenth Amendment of the United States.").  Nor have plaintiffs otherwise

15   explained how the allegations of their complaint state a cause of action under the ADA.  *See*

16   Docs. 13, 14.  Plaintiffs merely state under their cause of action for disability discrimination

17   pursuant to the Fourteenth Amendment that "[d]efendants caused discrimination against eighty-

18   year-old . . . Pinder for his disability and on-going severe heart condition" and that "[d]efendants

19   Forrest and his office staff have called . . . Dhillon 'delusional.'"  Doc. 1 ¶¶ 73, 74.  These limited

20   statements do not plead an ADA claim.  *See, e.g.*, *Arizona ex rel. Goddard v. Harkins Amusement*

21   *Enters., Inc.*, 603 F.3d 666, 670 (9th Cir. 2010) ("To prevail on a discrimination claim under Title

22   III [regarding public accommodations], a plaintiff must show that: (1) he is disabled within the

23   meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of

24   public accommodation; and (3) the plaintiff was denied public accommodations by the defendant

25   because of his disability.").

26   Finally, plaintiffs assert that their complaint alleges state action for purposes of 28 U.S.C.

27   § 1983.  Doc. 13 at 3–10; Doc. 14 at 4–11.  However, plaintiffs' complaint does not mention

28   section 1983, and it does not allege any state action.  *See generally* Doc. 1.  Plaintiffs allege only

1    private conduct by defendants, whom plaintiffs assert were attorneys they retained.[9]  *See* Doc. 1.

2    Plaintiffs appear to argue that, because defendants were private counsel in a civil case in which

3    the state court judge issued "contempt citations," defendants were somehow acting under color of

4    state law.  Doc. 13 at 3–6; Doc. 14 at 4–7.  Plaintiffs provide no support for this contention, and

5    the Court is not aware of any basis for finding that a private attorney was acting under color of

6    state law simply because the attorney was counsel of record in a civil action in which the judge

7    imposed sanctions on another counsel.

8            To the extent plaintiffs contend that they are entitled to discovery to determine "whether

9    Forrest Miller's conduct during a state court proceeding . . . constitutes state action," (Doc. 13 at

10   7, 9; Doc. 14 at 7, 9), their argument fails as plaintiffs do not identify any basis to believe that

11   discovery would reveal defendants' conduct to be state action.  *See, e.g.*, *Freres Timber, Inc. v.*

12   *United States*, 739 F. Supp. 3d 840, 843–44 (D. Ore. 2024) (explaining that to obtain discovery to

13   oppose a motion, a plaintiff must set forth in affidavit form facts it hopes to elicit in discovery and

14   that "a refusal to grant discovery to establish jurisdiction is not an abuse of discretion when it is

15   clear that further discovery would not demonstrate facts sufficient to constitute a basis for

16   jurisdiction") (citations omitted).  Plaintiffs also argue that a violation of the ADA constitutes a

17   violation of the Unruh Act, Cal. Civ. Code § 51(f), and thus, "state action, and color of state law,

18   exist."  Doc. 13 at 2–3; Doc. 14 at 2–3.  However, as noted, plaintiffs have not alleged a violation

19   of the ADA.  Additionally, the Unruh Act does not convert defendants' private action into state

20   action.  *See generally* Cal. Civ. Code § 51(f).

21           For these reasons, plaintiffs' complaint must be dismissed for lack of subject matter

22   jurisdiction.  Though courts "should freely give leave [to amend] when justice so requires," Fed.

23   R. Civ. P. 15(a)(2), a court has discretion to deny leave to amend due to "undue delay, bad faith

24   _____

25   [9] Miller's reply indicates that Miller represented a third party—not plaintiffs—in a proceeding
     "which has given rise to this complaint" and in which plaintiffs' current counsel represented
26   individuals "related to [p]laintiffs."  Doc. 16 at 3.  However, for purposes of a facial attack on
     jurisdiction, the Court assumes the allegations in the complaint to be true—that is, that defendants
27   were retained by plaintiffs.  Regardless, this potential factual discrepancy does not affect the
     Court's analysis.  Either way, plaintiffs cannot establish state action for purposes of a § 1983
28   claim.

1   or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment

2   previously allowed, undue prejudice to the opposing party by virtue of allowance of the

3   amendment, [or] futility of amendment." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522,

4   532 (9th Cir. 2008). The Court previously informed plaintiffs of the deficiencies of their

5   complaint concerning subject matter jurisdiction and provided them an opportunity to amend their

6   complaint to cure such deficiencies. *See* Doc. 5. Plaintiffs "chose not to amend [their

7   complaint]" but rather "[to] rest on the prior complaint filed." Doc. 13 at 10; Doc 14 at 11.

8   Moreover, there is no indication from either the pleadings or the briefing that plaintiffs could cure

9   the deficiencies of their complaint through further amendment to state a claim. Therefore, the

10  Court declines to allow further leave to amend.

11  **IV.    CONCLUSION AND ORDER**

12          Based upon the foregoing, Miller's motion to dismiss, Doc. 11, is GRANTED.

13          The complaint, Doc. 1, is DISMISSED without leave to amend for lack of subject matter

14  jurisdiction. The Clerk of Court is directed to close this case.

15

16  IT IS SO ORDERED.

17      Dated:   July 30, 2025

18                                              UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28